## LESTER GORDER, JR. v. ROBERT SIMS.

211 N. W. 2d 369.

October 5, 1973—No. 44512.

*Torinus & Knutson* and *Richard H. Knutson,* for petitioner. *Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, William D. Flaskamp,* and *O. C. Adamson II,* for defendant-respondent.

PER CURIAM.

Petitioner-plaintiff obtained a verdict in an alienation of affection action. Defendant-respondent made a post-trial motion for judgment notwithstanding the verdict and also moved the court "pursuant to Rule 59.01 and Rules 50.02(2) and (4) for an Order granting a new trial on all issues in the event the Order, if granted, for judgment notwithstanding the verdict is reversed on appeal."

The motion was promptly heard by the trial court. After the lapse of more than 15 days from the rendition of the verdict, the court denied the motion for judgment notwithstanding the verdict and granted a new trial on all issues without stating any reason therefor.

Upon application for a writ of prohibition, this court temporarily restrained the trial court from granting a new trial. Petitioner seeks to have the writ made absolute because the trial court had before it no motion for a new trial and had no power to grant a new trial on its own initiative after more than 15 days had elapsed since the rendition of the verdict.

Defendant-respondent contends that his post-trial motion by reference invoked the provisions of Rules 59 and 50, Rules of Civil Procedure, and in effect sought a new trial. We are not so persuaded. By the very language used in the motion, it appears to have been intentionally drafted to move for a contingent new trial. Defendant-respondent does not seek relief as permitted in Rule 60.01, Rules of Civil Procedure, as there was no claim of inadvertence or mistake.

In Bank of Willmar v. Lawler, 78 Minn. 135, 80 N. W. 868 (1899), it was held that the trial court had inherent power to grant a new trial on its own motion. However, as was pointed out in Ginsberg v. Williams, 270 Minn. 474, 482, 135 N. W. 2d 213, 219 (1965), the holding in the Bank of Willmar case was rendered moot by Rule 59.05, Rules of Civil Procedure.[1] That rule permits the trial court on its own initiative to order a new trial provided it does so within 15 days of the rendition of the verdict and in the order specifies the grounds therefor. Neither of the two contingencies was complied with here.

This court in Ginsberg held that an order granting a new trial "in the interest of justice" (270 Minn. 475, 135 N. W. 2d 215) was a nullity because the court had no power to grant a new trial for a cause not specified in the rules.

Similarly, the trial court had no power to grant a new trial under the circumstances herein since defendant had not requested that relief and the time in which the court could grant a new trial on its own initiative had expired.

The order is therefore ineffective and void and the writ is

---

[1] "Not later than 15 days after a general verdict or the filing of the decision or order, the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party. After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely served, for a reason not stated in the motion. In either case, the court shall specify in the order the grounds therefor."

made absolute. The trial court is directed upon receipt of a copy of this opinion to set aside its order of July 3, 1973.

MR. CHIEF JUSTICE KNUTSON took no part in the consideration or decision of this case.

MR. JUSTICE MACLAUGHLIN took no part in the consideration or decision of this case.