ALICE OULMAN AND ANOTHER v. CITY OF MINNEAPOLIS.

227 N. W. 2d 822.

April 4, 1975—No. 44972.

*Schermer, Schwappach, Borkon & Ramstead, Roy A. Schwappach,* and *Richard I. Diamond,* for appellants.

*Walter J. Duffy, Jr.,* City Attorney, and *Raymond H. Hegna,* Assistant City Attorney, for respondent.

PER CURIAM.

Plaintiffs, Harlan and Alice Oulman, husband and wife, appeal from an order denying a new trial and a judgment entered pursuant to a jury verdict finding defendant city 55 percent negligent and plaintiff wife 45 percent negligent in an accident in which plaintiff wife was injured due to a fall caused by an obstruction in the city's sidewalk. The jury assessed plaintiff wife's damages in the sum of $2,000 and made no award for the husband in his suit for consequential damages.

Plaintiffs assign as basis for the appeal two errors, namely (1) that the trial court erred in failing to instruct the jury to disregard defense counsel's argument concerning plaintiffs' failure to call certain treating doctors to testify in plaintiffs' behalf, and (2) that the trial court erred in failing to grant a new trial when the jury found defendant negligent but awarded nothing to plaintiff husband despite stipulated medical expenses.

1. The record before us does not include the closing arguments of counsel. The claimed improper reference to plaintiffs' failure to call certain doctors to testify on their behalf was made the basis of a motion for a new trial by means of an affidavit of counsel. The trial court heard the closing argument and ruled specifically that no prejudicial error was committed. As stated in 14A Dunnell, Dig. (3 ed.) § 7102, p. 82, "* * * The trial court is in a much better position than the supreme court to determine whether an improper remark or argument of counsel was materially prejudicial."

Trial counsel, in any event, did not preserve the point by calling the matter to the trial court's attention at the conclusion of the instructions. Failure to call attention of the trial court to his omission of a cautionary instruction has been determined to be fatal to asserting such omission as a ground for a new trial. Jablinske v. Eckstrom, 247 Minn. 140, 76 N. W. 2d 654 (1956).

2. The only medical evidence offered by plaintiffs was that of a neurologist concerning treatment and hospitalization plaintiff wife received in February 1973, some 3 years after the accident. The stipulation did not acknowledge that the medical expenses were attributable to this accident. The two physicians who treated her after the accident were not offered, and there was no evidence that any expense was incurred for their services. The only evidence as to medical expenses incurred was that for the treatment by the neurologist. The defendant contended that the services rendered by the neurologist in February of 1973 were not made necessary by reason of the accident in 1970. The verdict disallowing recovery for the medical expenses implicitly adopted defendant's version.

Affirmed.