Anna BOWMAN, et al., Appellants,

v.

PAMIDA, INC., et al., defendants and
third party plaintiffs, Respondents,

v.

H. G. HARVEY COMPANY,
Third-Party Defendant.

No. 47496.

Supreme Court of Minnesota.

Dec. 23, 1977.

William R. Ojala, Gilbert, for appellants.

Trenti, Saxhaug, Berger, Carey, Roche, Stephenson & Richards, and Tom H. Carey, Virginia, for respondents.

Heard before ROGOSHESKE, KELLY and MacLAUGHLIN, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

The dispositive question raised by plaintiffs on appeal is whether the trial court lacked jurisdiction under Rule 59.03, Rules of Civil Procedure, to hear and rule upon defendants' post-trial motion for a new trial on damages, or in the alternative a remitti-tur, where notice of the motion was served on plaintiffs 25 days after service of notice on defendants by plaintiffs of the filing of the court order directing entry of judgment. We hold that the court lacked jurisdiction and accordingly declare the post-trial order granting an unconditional remittitur a nullity.

■ This personal injury action, brought by Anna Bowman and her husband, arose out of a slip-and-fall accident on business premises owned or controlled by defendants. On September 29, 1976, a jury returned a special verdict against defendants awarding damages to plaintiffs wife and husband of $11,500 and $5,000, respectively. Thereafter, the following occurred. On September 30, 1976, the trial court, in accordance with the special verdict of the jury, ordered judgment, staying its entry until October 29, 1976. On October 11, 1976, plaintiffs served defendants with notice of the filing of the order. On October 29, 1976, the clerk of district court entered judgment, and mailed notice to the parties on November 1, 1976. Consistent with their contention at trial that there was no evidentiary basis justifying submission to the jury of plaintiff husband's claim for loss of his wife's services and companionship, defendants brought a post-trial motion for—

" * * * a new trial on damages; or in the alternative remittitur; or in the alternative request the Trial Court to change the answer to Interrogatory No. 2 [the question concerning plaintiff husband's damages] to read $3,220.55; or in the alternative judgment notwithstanding the verdict."

Notice of defendants' motion was served on plaintiffs by mail on November 5, 1976, 25 days after defendants had been served with notice of the filing of the trial court's September 30 order directing entry of judgment. Plaintiffs' counsel appeared on November 9, 1976, the date set by defendants for hearing, and, relying on Rule 59.03, objected on jurisdictional grounds to the trial court's hearing or ruling on the mo-

tion.[1] Acknowledging that plaintiffs' argument of timeliness "may be correct," the trial court nevertheless unconditionally amended the jury's answer to reduce plaintiff husband's recovery from $5,000 to $3,220.55, the amount stipulated as medical expenses.[2] In an explanatory memorandum, the trial judge stated that "after reviewing the testimony" he believed it had been an error to deny defendants' request at the conclusion of jury instructions to withdraw plaintiff husband's claim for loss of services from submission to the jury and that he should have, on his "own motion," amended the jury's verdict to exclude recovery for that item of damages before entering judgment. He concluded that "justice to the parties requires" an unconditional remittitur.

The record submitted makes clear that defendants' motion was intended to be, and was in fact, a Rule 59 motion for a new trial upon the sole ground that the evidence did not justify submission of plaintiff husband's claim for damages for loss of services. Defendants asserted that contention at trial, and their written argument submitted to the trial court in support of their

motion asserts no other ground. Defendants argued that plaintiff husband did not testify and "there was absolutely no testimony as to any loss of services by the husband," his daughters having "in fact testified that they filled in and performed all the household chores because their mother was not able to do so."[3] Defendants moved only for relief which under the rules must be sought within the time limits of Rule 59. All motions for new trial are specifically governed by Rule 59. A motion for remittitur of damages commonly is considered as part of a new trial motion, since the usual judicial practice is to condition remittitur upon the remitting party's consent to waive a new trial. 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., Authors' Comments, p. 614. Motions to amend findings of fact under Rule 52.02, Rules of Civil Procedure, analogous to defendants' motion to amend a verdict, must be brought within the time limits of Rule 59.03. A motion for judgment notwithstanding the verdict pursuant to Rule 50.-02(3), Rules of Civil Procedure, must also be brought within the time limits of Rule 59.-03. That the trial judge viewed defendants' motion exclusively as a Rule 59 motion

---

1. Plaintiffs' counsel also objected to the insufficiency of notice of the hearing under Rules 6.04 and 6.05, Rules of Civil Procedure. Rule 6.04 requires that a written motion and a notice of hearing be served at least 5 days before the time specified for hearing. When service is by mail, Rule 6.05 requires that 3 days be added to that time. Defendants' notice of motion was served by mail and postmarked Friday, November 5, 1976. Excluding Saturdays and Sundays, as required by Rule 6.01, Rules of Civil Procedure, in computing the 8-day period, the hearing should have been scheduled no sooner than Monday, November 15, 1976, and any proper request for a continuance to that time should have been granted. Insufficiency of the notice under the rules cited is not jurisdictional. Counsel appeared and argued the motion, and the record submitted fails to show any prejudice to plaintiffs. *Love v. Anderson*, 240 Minn. 312, 61 N.W.2d 419 (1953). See, also, 1 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., Authors' Comments, p. 351.

2. Plaintiffs also argue that the trial court was required to offer a conditional remittitur permitting them at their option to accept the reduced award or to retry the issue. While a conditional remittitur would ordinarily be preferred, we have broadly recognized the court's

discretion to impose unconditional remittiturs in *Krueger v. Knutson*, 261 Minn. 144, 158, 111 N.W.2d 526, 535 (1961), where it is stated: " * * * The trial judge, however, possesses a wide range of discretion in such matters after the verdict has been rendered and he may within reason unconditionally impose additurs or remittiturs or he may in the interests of justice impose a new trial. But those matters rest almost wholly within his discretion, and the exercise of that discretion is rarely disturbed on appeal unless there has been what is termed a clear abuse."

3. Plaintiffs rely solely upon jurisdictional grounds and, while not conceding defendants' argument, chose not to supply a trial transcript. It would appear, however, from the record submitted, that reasonable inferences drawn from the nature and extent of plaintiff wife's disabling injuries alone could support some award for loss of services. Whether the amount awarded has adequate evidentiary support is not presented and is incapable of appellate review without a trial transcript. *Custom Farm Services, Inc. v. Collins*, 306 Minn. 571, 238 N.W.2d 608 (1976).

is implicit in his explanatory memorandum. Finally, the trial court has no authority to grant a new trial solely in the interest of justice but is limited to causes specified in Rules 49.02, 59.01, and 63.01. The only applicable cause presented was defendants' claim that the jury award to plaintiff husband was not justified by the evidence.

■ Rule 59.03 explicitly requires that "[a] notice of motion for a new trial shall be served within 15 days after a general verdict or service of notice by a party of the filing of the decision or order," and where service is made by mail that time is extended to 18 days under Rule 6.05. Since defendants' notice of motion was served 25 days after notice of filing, we hold that under the plain language of Rule 59.03, the trial court had no jurisdiction to hear and rule on defendants' motion. Nor did the trial judge have power to grant defendants' requested relief on his "own initiative" under Rule 59.05. That rule makes it imperative that such action must be taken "[n]ot later than 15 days after a general verdict or the filing of the decision or order." Rule 6.02 specifically denies the trial court power to extend the time limits specified in Rules

59.03 and 59.05. These time limits have been uniformly treated as absolute by decisions of both this court and Federal courts.[4]

■ Since the court did not grant a new trial but ordered an unconditional remittitur, which in effect amended the entered judgment, defendants now argue that the court's order can be upheld as an amendment of the judgment under either Rule 60.01 or Rule 60.02, Rules of Civil Procedure. Although Rule 60.01, authorizing amendment of judgment at any time to correct clerical errors, is clearly not applicable, a plausible argument could be made to uphold the order under Rule 60.02.[5] We decline, however, to consider the merits of the argument for the reason that Rule 60.02 was not invoked by defendants before the trial court, and more significantly, the record compels a conclusion that defendants' motion was intended to be, and was in fact, a Rule 59 motion.

■ The order of the trial court is vacated and judgment directed to be entered in accordance with the jury verdict.[6]

Reversed and remanded with directions.

4. See, *Lundeen v. Renteria*, 302 Minn. 142, 224 N.W.2d 132 (1974); *Gorder v. Sims*, 297 Minn. 346, 211 N.W.2d 369 (1973); 11 Wright & Miller, Federal Practice and Procedure, §§ 2812 and 2813. Defendants' motion would have been timely under Rule 59(b), Federal Rules of Civil Procedure, since it was served within 10 days after entry of judgment. Under our counterpart rule, however, the 15-day period does not run from entry of judgment.

5. Some Federal courts have held that a motion made after the expiration of the time period proscribed by Rule 59, Federal Rules of Civil Procedure, may be treated as a timely motion under Rule 60(b), Federal Rules of Civil Procedure, so long as any of the specific grounds for Rule 60 relief are present. See, e. g., *Cline v. Hoogland*, 518 F.2d 776 (8 Cir. 1975); *Rocky Mountain Tool & Machine Co. v. Tecon Corp.*, 371 F.2d 589 (10 Cir. 1966); *Hulson v. Atchison, Topeka & Santa Fe Ry. Co.*, 289 F.2d 726 (7 Cir. 1961) (dictum); *Sternstein v. "Italia"—Societa Per Azioni Di Navigazione-Genoa*, 275 F.2d 502 (2 Cir. 1960); *John E. Smith's Sons Co. v. Lattimer Foundry & Machine Co.*, 239 F.2d 815, 816 (3 Cir. 1956) (dictum). Federal Rules 59 and 60(b) are, in all relevant respects, identical to Minnesota Rules 59 and 60.02.

Where the trial court acknowledges judicial error similar to that acknowledged in this case,

a substantial and growing number of Federal cases treat correction of such error as a sufficient ground for relief from judgment under either Rule 60(b)(1) or Rule 60(b)(6). Annotation, 1 A.L.R. Fed. 771; 7 Moore, Federal Practice (2 ed.) par. 60.22[3]; Annotation, 15 A.L.R. Fed. 193, § 12. See, *Southern Fireproofing Co. v. R. F. Ball Construction Co. Inc.*, 334 F.2d 122 (8 Cir. 1964); *O'Tell v. New York, New Haven & Hartford Ry. Co.*, 236 F.2d 472 (2 Cir. 1956); *Caraway v. Sain*, 23 F.R.D. 657 (N.D.Fla.1959); *Pierce Oil Corp. v. United States*, 9 F.R.D. 619 (E.D.Va.1949). This rule appears to have been applied in the Second, Third, Fifth, Eighth, Ninth, and Tenth Circuits.

6. We note that prior to this appeal plaintiffs applied to this court for a writ of prohibition, which was denied. While such procedure was allowed in *Gorder v. Sims*, 297 Minn. 346, 211 N.W.2d 369, and may be appropriate where the trial court has not ruled on an untimely Rule 59 motion or has improperly done so and ordered a new trial which is imminent, such applications for extraordinary relief ought to be discouraged and generally have been denied where the aggrieved party has an adequate remedy of an appeal of right. See, *Marine v. Whipple*, 259 Minn. 18, 104 N.W.2d 657 (1960); *State ex rel. Ryan v. Cahill*, 253 Minn. 131, 91 N.W.2d 144 (1958).

OTIS, TODD, and YETKA, JJ., took no part in the consideration or decision of this case.