Helen B. DIFFERT, Appellant,

v.

Walter RENDAHL, et al, etc.,
Respondents,

Ralph W. Sample, et al, etc.,
Respondents,

David Joerg, Respondent,

and

Ralph W. SAMPLE, et al, etc.,
Defendants and Third Party
Plaintiffs, Respondents,

v.

Thomas D. DIFFERT, Third
Party Defendant.

No. 51684.

Supreme Court of Minnesota.

June 19, 1981.

Peterson & Goodman, Rochester, for appellant.

Hunt, DeVinny & Young, Rochester, for Sample et al.

David Joerg, pro se.

SHERAN, Chief Justice.

The only issue before us is whether the trial court correctly ruled that the plaintiff's filing of a motion for a new trial more than 15 days after serving notice of the filing of an order was not timely under Minn.R.Civ.P. 59.03. We affirm.

This action by a tenant-in-common for an accounting was tried to a jury. The jury returned a special verdict in favor of the plaintiff that gave her most of the requested relief. The jury's verdict was incorporated into an order for judgment which was filed June 9, 1980.

On June 12, 1980, the plaintiff served notice upon the counsel of all other parties informing them of the filing of the order. The plaintiff and defendants Ralph and Merle Sample later moved for amended findings. A hearing on the parties' motions was scheduled for July 9. The plaintiff served the disputed motion for a new trial on the day of the hearing. The defendant argued that the trial court lacked jurisdiction to hear the motion under Minn.R.Civ.P. 59.03 because 27 days had lapsed since the plaintiff served notice of the filing of the order. This rule states:

> A notice of motion for a new trial shall be served within 15 days after a general verdict or service of notice by *a party* of the filing of the decision or order; and the motion shall be heard within 30 days after such general verdict or notice of filing, unless the time for hearing be extended by the court within the 30 day period for good cause shown. (emphasis supplied).[1]

The defendant also argued that service of the motion for a new trial on the same day as the hearing violated Minn.R.Civ.P. 6.04.[2]

The parties submitted the issue to the court on written briefs. The court held that under the plain language of rule 59.03

---

1. Failure to comply with the 15 day time limitation is a jurisdictional defect which deprives the court of the jurisdiction to hear and rule on the tardy motion. *See Bowman v. Pamida, Inc.,* 261 N.W.2d 594, 597 (Minn.1977).

2. Minn.R.Civ.P. 6.04 provides, in part:
   A written motion, other than one which may be heard ex parte, and notice of the

hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court.
A party's failure to comply with the five day time limit of this rule is not jurisdictional. *See Bowman v. Pamida, Inc.,* 261 N.W.2d 594, 596 n.1 (Minn.1977).

that it lacked jurisdiction to hear the plaintiff's motion for a new trial. The basis for the court's ruling was that the plaintiff was "a party" under rule 59.03 that had served notice of the filing of an order and that had failed to move for a new trial within 15 days.

The plaintiff takes the position on appeal that her service of notice of the filing acted only to commence the time to move for a new trial as against the served parties, and not as against herself. She would have us read rule 59.03 to require service by an "adverse party" in order to commence the running of the 15 day period as against her. *See* Minn.R.Civ.App.P. 104.-01.[3]

We decline to do so. A construction of rule 59.03 in this manner would violate the plain language of that rule and would serve no useful purpose. Had the drafters of rule 59.03 intended this result, they could have expressly provided for service by an "adverse" party as in Minn.R.Civ.App.P. 104.01.

Affirmed.

---

3. Minn.R.Civ.App.P. 104.01 states in part:

An appeal from a judgment may be taken within 90 days after the entry thereof, and from an order within 30 days after service of written notice of filing thereof by the *adverse party*. (emphasis supplied).

In contrast to Minn.R.Civ.P. 59.03, this rule explicitly requires service by an "adverse" party in order to commence the running of the time in which to act.