v.

**NORTHERN STATES POWER COMPANY, Respondent.**

No. C8–84–465.

Court of Appeals of Minnesota.

Dec. 31, 1984.

Wayne B. Holstad, Holstad & Bodelson, P.A., White Bear Lake, for petitioner.

Jack F. Sjoholm, Jr., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Plaintiff-petitioner E.L.E.S.C.O. filed this lawsuit against defendant-respondent NSP in August 1980 for breach of contract. A jury found NSP breached the contract and awarded $49,500 in damages. NSP moved the trial court for judgment n.o.v. but the court instead ordered a new trial. Plaintiff petitioned for discretionary review on March 14, 1984, which this court granted.

## FACTS

Trial of plaintiff's claim for breach of contract began January 1984. On January 18, 1984, a jury delivered a special verdict finding defendant Northern States Power breached its contract entitling plaintiff to $49,500 in damages. The trial court ordered entry of judgment for plaintiff on January 23, 1984. Plaintiff served the order on respondent on January 25, 1984. On February 7, 1984, respondent served a motion for judgment n.o.v. on plaintiff. On February 24, 1984, the trial court ordered the judgment "annulled and rescinded." Without passing on NSP's motion the court ordered a new trial stating:

> The Court has concluded in reviewing the testimony in the case that said verdict was contrary to the evidence herein, and that the verdict manifested bias and prejudice of the jury toward the Defendant. The Court further concluded that on the state of the record, a new trial was more appropriate than a judgment notwithstanding verdict.

## ISSUE

Did the trial court have jurisdiction to order a new trial more than 15 days after filing an order for judgment when the defendant timely moved for judgment notwithstanding the verdict?

## ANALYSIS

Under Minn.R.Civ.P. 59.05 a trial court may order a new trial on its own initiative if proper grounds exist. The first sentence of Rule 59.05 explicitly limits the time in

which a trial court may exercise this power to "[n]ot later than 15 days after a general verdict or the filing of the decision or order." Minn.R.Civ.P. 59.05. In this case the order for judgment was filed on January 23, 1984, but the court did not order a new trial until February 24, 1984, well beyond the 15-day limit.

■ Respondent raises several arguments to claim the Rule 59.05 15-day limitation does not apply. First, respondent claims the second sentence of Rule 59.05 allows a trial court to grant a new trial on its own initiative beyond the 15-day limit because respondent timely moved for judgment n.o.v. The second sentence reads:

> After giving the parties notice and an opportunity to be heard on the matter, the court may grant a *motion for a new trial, timely served,* for a reason not stated in the motion.

Minn.R.Civ.P. 59.05 (emphasis added). Respondent's reliance on this language is misplaced. The emphasized language plainly requires a timely "motion for a new trial" which respondent did not make.

■ Respondent also contends Minn.R. Civ.P. 50.02 allows a trial court to grant a new trial whenever a party has moved for judgment n.o.v. Respondent reasons that a new trial is a less drastic reversal of a jury's verdict and therefore the power to grant judgment n.o.v. entails the power to grant a new trial. Respondent cites dicta in *Cone v. West Virginia Pulp and Paper Co.,* 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849 (1947), a dissent in *Jackson v. Wilson Trucking Corp.,* 243 F.2d 212 (D.C.Cir. 1957), and *Burenheide v. Wall,* 131 Colo. 371, 281 P.2d 1000 (1955). We find these cases unpersuasive for none hold a motion for judgment n.o.v. entails a motion for a new trial.

■ Rule 50.02 indicates that motions for judgment n.o.v. and for a new trial are distinct:

> (2) A motion for judgment notwithstanding the verdict may include in the alternative a motion for a new trial.
>
> \*     \*     \*     \*     \*     \*

> (4) If the motion for judgment notwithstanding the verdict is granted, the court shall also rule on the motion for a new trial, *if any,* \* \* \*

Further, a new trial may be granted for reasons that do not justify judgment n.o.v. *Parker v. Fryberger,* 165 Minn. 374, 206 N.W. 716 (1925).

■ Finally, respondent contends that Minn.R.Civ.P. 60.02 allows the trial court, on a "motion and upon such terms as are just" to vacate a final judgment or order, and order a new trial. The rule sets out six reasons for vacating a judgment. Respondent relies upon the sixth reason: "any other reason justifying relief from the operation of the judgment."

We will not, however, interpret Rule 60.-02 as respondent suggests for two reasons. First, respondent moved for judgment n.o.v. but did not move under Rule 60.02. In *Bowman v. Pamida, Inc.,* 261 N.W.2d 594 (Minn.1977) a defendant moved for a new trial or alternatively remittitur after the time allowed in the rules. The court held the trial court's order granting the motion was without jurisdiction and in doing so stated:

> [A] plausible argument could be made to uphold the order under Rule 60.02. We decline, however, to consider the merits of the argument for the reason that Rule 60.02 was not invoked by defendants before the trial court, and more significantly, the record compels a conclusion that defendants' motion was intended to be, and was in fact, a Rule 59 motion [for a new trial].

*Id.* at 597 (footnote omitted). *Bowman* indicates Rule 60.02 should not be used on appeal to validate a trial court's action when the rule was not considered by the trial court.

Second, in this case the trial court ordered the new trial during the post-trial motion stage of the proceedings, a time clearly within the intended scope of Rule 59.05. Respondent's interpretation of Rule 60.02 would destroy the 15-day limit by allowing unrestrained circumvention when-

ever a trial court found the broad language of Rule 60.02 was met.

## DECISION

The trial court did not have jurisdiction to order a new trial on its own initiative more than 15 days after filing of the order for judgment. Respondent is entitled to have its motion for judgment n.o.v. decided, therefore this matter is remanded to the trial court for consideration of that motion.

Reversed and remanded.