In re the Marriage of: Francis Herman CAVEGN, Petitioner, Appellant,

v.

Barbara CAVEGN, n.k.a. Barbara Burg, Respondent.

No. C6–85–815.

Court of Appeals of Minnesota.

Dec. 10, 1985.

Richard M. Arney, Robert Q. Dickie, Stillwater, for appellant.

James P. Flannery, Hugo, for respondent.

Heard, considered and decided by RANDALL, P.J., and PARKER and SEDGWICK, JJ.

## OPINION

PARKER, Judge.

The marriage of appellant Francis Cavegn and respondent Barbara Cavegn, now Barbara Burg, was dissolved by judgment and decree dated July 9, 1982. Cavegn brought a motion to enforce a provision of the judgment and decree which established a lien against Burg's homestead in the amount of $16,200. Burg brought a counter-motion requesting judgment against Cavegn for child support arrearages in the amount of $4,500.

The trial court's order stated that Cavegn's lien was due and should be paid forthwith. The court also ordered that Cavegn use the proceeds from the lien to (1) pay Burg $2,700 in child support arrearages, and (2) pay his attorney the fees and costs set forth in the judgment and decree. The court required the remainder of the money due Cavegn from the satisfaction of the lien to be put in escrow to secure future child support payments to Burg. We remand for an evidentiary hearing to determine whether Cavegn was employable and consequently in arrears in child support.

## FACTS

These motions are but the latest in a series of motions before the court in a long and bitter marriage dissolution. The parties have one minor child, born in 1979. Under the dissolution decree, Burg was awarded custody of the parties' minor child. The support provision of the decree required Cavegn to pay Burg child support in the amount of one-fourth of his monthly income after deductions for income taxes and social security, to a maximum of $150 per month.

The record indicates that Cavegn has not provided any substantial support to the child since the parties' separation in May 1980. The record includes several orders to show cause for nonpayment beginning in September 1980. In an order dated November 14, 1983, the court ruled that Cavegn was not in arrears on his child support obligation for the period of July 9, 1982, through November 4, 1983, due to his unemployed status during this period. The court ordered Cavegn to keep a detailed daily list of his efforts to obtain work and to provide the list monthly to Washington County Social Services.

In its most recent order, dated April 5, 1985, the court found that since November 4, 1983, Cavegn had accrued child support arrearages at the rate of $150 per month for a total of $2,700. The court specifically excluded the amounts forgiven in the November 14, 1983, order which would have brought the total arrearages to over $4,500.

The court also found "[t]hat Petitioner is not prohibited from working by any physical condition and has received extensive vocational retraining following a back injury in approximately 1979." In previous orders the court had found that Cavegn had documented a partial disability due to back problems. The transcript of the most recent hearing indicates that Cavegn's medical condition was never mentioned by counsel for either party. Burg alleged at the hearing that Cavegn had taken jobs that provide cash payments in order to avoid child support. Cavegn stated that he had been almost entirely unemployed since the entry of the dissolution decree.

The decree awarded Burg the parties' homestead, subject to a $16,200 lien in favor of Cavegn, to be paid upon Burg's remarriage. Burg concedes that she was remarried August 4, 1984. The decree "provided further, that any unpaid obligation for child support hereunder, or attorney's fees or costs * * * at the time of payment of said lien shall be paid out of the sum of said lien which shall be remaining unpaid."

## ISSUES

1. Did the trial court err in considering Burg's countermotion for child support arrearages?

2. Did the trial court clearly err in finding that Cavegn was in arrears in child support and capable of compensable labor?

3. Did the trial court abuse its discretion in ordering that Cavegn's lien proceeds be used to pay off child support arrearages and secure future child support payments?

## DISCUSSION

### I

Cavegn originally noted his motion for December 17, 1984. The hearing on the motion, originally set for December 26, 1984, was continued until January 9, 1985. Cavegn argues that the trial court should not have heard Burg's countermotion because it was not served until January 8, 1985.

Although Minn.R.Civ.P. 6.04 requires a five-day notice of motion, the supreme court has held that the requirement is not jurisdictional, and orders made by a court pursuant to a motion not timely served are nonetheless valid. *Differt v. Rendahl*, 306 N.W.2d 813, 814 n. 2 (Minn.1981) (citing *Bowman v. Pamida, Inc.*, 261 N.W.2d 594, 596 n. 1 (Minn.1977)). Although Cavegn's attorney objected to the short notice at the hearing, he did not move for a continuance and argued the motion. The record fails to show he was prejudiced.

Furthermore, Cavegn could hardly have been surprised that his motion was met with a countermotion concerning his failure to pay child support. The terms of the decree expressly state that Cavegn's attorney's fees and child support arrearages are to be paid out of the lien proceeds. Thus, when Cavegn moved for satisfaction of his lien, the issue of support was automatically raised.

### II

Cavegn alleges that the trial court's finding that he was $2,500 in arrears in child support and capable of compensable labor was clearly erroneous. The parties' decree provided:

> The Petitioner [Cavegn] shall pay to the Respondent [Burg] as and for the support of the minor child of the parties * * a sum which shall equal one quarter (¼) of his net pay or salary after deductions for income taxes and social security and no other deductions, to a maximum of One Hundred Fifty and No/100's Dollars ($150.00), on the tenth (10th) day of each month with respect to said Petitioner's earnings for the proceeding month. It is acknowledged that the Petitioner is, on the date hereof, unemployed, and that the foregoing shall apply to full or part-time employment which the Petitioner may find in the future.

As previously noted, the trial court, by order dated November 14, 1984, found that Cavegn was not in arrears from the period of the decree through November 4, 1983, because of his unemployed status. In the present order the court found that since November 4, 1983, arrearages have accrued at the rate of $150 per month and now total $2,700. The court also found that Cavegn had received extensive vocational retraining following his 1979 back injury and presently is not prohibited from working by any physical condition.

After a thorough review of the record supplied to this court on appeal, we are unable to find any evidence that Cavegn received vocational retraining and is capable of compensable labor. Therefore, we remand the question of Cavegn's employability to the trial court for an evidentiary hearing. The trial court is to take testimony and make findings addressing (1) when, if ever, Cavegn became employable, (2) Cavegn's potential income from that date forward, and (3) the amount of any child support arrearages.

The court should also make findings regarding Cavegn's compliance with previous orders requiring him to keep detailed records of his attempts to secure employment. Cavegn's compliance with these or-

ders bears directly on his good faith in denying employability.

If the trial court determines that Cavegn is employable, arrearages shall be assessed from the first date of employability. Although the parties' dissolution decree states that Cavegn's support obligation is one-quarter of his monthly net pay up to a maximum of $150, he cannot avoid his support obligation by remaining voluntarily unemployed. The Minnesota Supreme Court has held that parents may not, even by court-adopted stipulation, absolve themselves of the obligation to support their offspring. *Mund v. Mund,* 252 Minn. 442, 445–46, 90 N.W.2d 309, 312 (1958).

## III

 Cavegn's final complaint is that the trial court abused its discretion in ordering the proceeds from his lien on Burg's house to be used to pay off child support arrearages and secure future child support payments. If we assume arguendo that Cavegn has accrued child support arrearages, the parties' decree expressly provides for such arrearages to be paid out of the lien proceeds.

Thus, the only remaining issue is whether the court abused its discretion in ordering the remainder of the lien proceeds to be placed in trust to secure future support payments. The trial court addressed this issue in a memorandum attached to its order.

Citing Minn.Stat. § 518.57, the trial court noted that it may use the property of the obligor to secure child support payments:

Upon a decree of dissolution * * * the court may make a further order which is just and proper concerning the maintenance of the minor children as provided by section 518.17 and for the maintenance of any child of the parties as defined by section 518.54, as support money, and may make the same a lien or charge upon the property of the parties to the proceeding or by subsequent order upon proper application therefor.

The trial court also cited *Gabrielson v. Gabrielson,* 363 N.W.2d 814 (Minn.Ct.App.

1985), to support its disposition of Cavegn's lien proceeds. In *Gabrielson* this court upheld the establishment of a trust from proceeds of the sale of marital property to secure future child support payments. We hold in this case that the trial court did not abuse its discretion in ordering that the net proceeds from the lien on Burg's house be used to secure future child support payments.

## DECISION

The trial court did not err in ordering that the proceeds from Cavegn's lien be used to pay child support arrearages and secure future child support payments. Because the trial court's findings that Cavegn was in arrears in child support and capable of compensable labor are not supported by the record, we remand for an evidentiary hearing on these issues.

Remanded.