**Gerald FLANAGAN, Appellant,**

**Barbara Flanagan, Respondent,**

v.

**Larey Evans LINDBERG, Respondent.**

No. C5-86-654.

Court of Appeals of Minnesota.

Dec. 30, 1986.

Review Granted March 13, 1987.

James Wm. Hunter, Rapoport, Wylde & Hunter, Minneapolis, for Gerald Flanagan.

Claude M. Lowenthal, Minneapolis, for Barbara Flanagan.

Lee L. La Bore, Lee L. La Bore & Associates, Ltd., Hopkins, for Larey Evans Lindberg.

Considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order denying appellant Gerald Flanagan's motion for a new trial. Appellant contends the trial court erred in failing to grant him a new trial because the verdict (1) is unsupported by the evidence, (2) is insufficient as a matter of law, (3) was rendered under the influence of passion or prejudice, (4) was improperly reduced by set-off of no fault benefits, and (5) was rendered in a confusing form. We agree, reverse and remand.

## FACTS

On July 14, 1983, appellant Gerald Flanagan and respondent Larey Lindberg were involved in an automobile accident. Appellant was thrown to the floor on the passenger's side of his vehicle when rear-ended by respondent's vehicle. Appellant did not seek medical attention immediately after the accident. However, feelings of agitation and back and neck pain caused appellant to consult a physician later in the day. Dr. Ferris examined appellant and found he was suffering from high blood pressure, a concussion and muscle strain. There was no indication of nerve damage to appellant's back or neck. Appellant's apparent

agitation resulted in overnight hospitalization for observation.

The following day appellant was discharged from the hospital because his blood pressure had returned to normal and his agitation had lessened. Appellant still had some discomfort in his neck, so Dr. Ferris prescribed a muscle relaxant and instructed him to exercise his neck and apply hot packs to the strained area.

Dr. Ferris examined appellant again a few days later and found he was still suffering from a muscle spasm in his neck. At this time Dr. Ferris advised appellant not to return to work. Further examination on August 8, 1983 by Dr. Ferris revealed appellant was still suffering from the muscle spasm. Appellant last saw Dr. Ferris on September 30, 1983. During this visit, appellant claimed he was feeling better but still had some discomfort in his neck and back. At trial, Dr. Ferris testified that appellant was unable to work from July 14, 1983 to September 30, 1983, and was completely disabled during that period of time.

On August 21, 1984, appellant saw Dr. Snow for his continued neck and back discomfort. Dr. Snow x-rayed appellant and found he was suffering from a cervical sprain and strain to the cervical and lumbar spine. He observed that appellant's general strength and reflexes were good and that his neck had adequate range of motion in all directions. He recommended appellant begin physical therapy and continue his hot pack and traction treatments. Appellant last saw Dr. Snow on January 30, 1985. At this time, appellant was working full time and his back discomfort was worsening. At trial, Dr. Snow testified that appellant suffers a 15% permanent disability of the lumbar spine because of the July 14, 1983 accident.

Appellant was also examined by Dr. Binder who found appellant had no acute distress but did have voluntary restriction in his range of neck motion. Dr. Binder testified that appellant continues to suffer from injuries sustained during the July 14, 1983 accident, but felt appellant's complaints were completely subjective. In his early testimony, Dr. Binder stated he could not comment as to appellant's permanent disability, but later testified appellant had no permanent partial disability in his neck or back.

At the time of the accident, appellant worked as a self-employed insurance salesman. A large percentage of his job was comprised of car travel. Appellant was also very active in sports, particularly golf and handball. Appellant contends his injuries have severely limited his ability to work and participate in sports.

Because of his injuries, appellant sued respondent for personal injury. At the close of trial, appellant's motion for a directed verdict as to liability was granted. Previously, the parties stipulated to appellant's medical expenses of $7064.84. The jury was apprised of the parties' stipulation and instructed it should consider four items in assessing damages: (1) pain, disability or emotional distress experienced because of the accident prior to trial; (2) reasonable value of medical supplies and hospital and medical services; (3) value of lost earnings; and (4) reasonable future pain, disability or emotional distress. Pursuant to special verdict questions, the jury returned a verdict in favor of appellant for $6050. The trial court then set-off the stipulated medical expenses and ordered entry of judgment in the amount of zero. Appellant's motion for a new trial was denied by the trial court which stated that the verdict was justified by the evidence.

## ISSUE

Was the jury's damage award inadequate?

## ANALYSIS

█ Appellant raises several issues on appeal; however, he mainly contends he is entitled to a new trial because the jury's damage award is inadequate as a matter of law. The decision to grant or refuse a new trial because of inadequate damages is within the broad discretion of the trial

**592**

court. This court will only reverse in those instances where the record reflects an entirely inadequate damage award. *Seydel v. Reuber*, 254 Minn. 168, 173, 94 N.W.2d 265, 269 (1959).

A review of the record compels us to conclude that the jury's damage award is inadequate as a matter of law. Prior to trial, the parties stipulated that appellant incurred medical expenses of $7064.84 because of the accident. The trial court apprised the jury of this stipulation by stating:

> The parties have stipulated or agreed that if the proper person were called to testify in this case, it would be established that medical expenses were incurred by [appellant] in the amount of $7064.84. That's been agreed as to the reasonable value of the medical expenses in this case.

The jury returned a verdict for appellant in the amount of $6050.00. The jury award was not itemized to reflect separate amounts for special damages, general damages, pain and suffering or loss of wages.

Where proven special damages are in excess of the jury award, the damages awarded by the jury are inadequate. *Clark v. Johnson Brothers Construction*, 370 N.W.2d 896, 900 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Sept. 19, 1985). "Ordinarily, a damage award which is less than proven special damages may be overturned as the product of passion or prejudice." *Heroff v. Metropolitan Transit Commission*, 373 N.W.2d 355, 357 (Minn. Ct.App.1985), *pet. for rev. denied* (Minn. Nov. 18, 1985); *cf. Rud v. Flood*, 385 N.W.2d 357, 361 (Minn.Ct.App.1986) (although appellant introduced evidence of medical expenses in excess of the jury's award, the court did not find the inadequacy a product of passion or prejudice since there was sufficient evidence to support the jury's finding of no permanent injury).

Because appellant's stipulated medical expenses were in excess of the jury's damage award, we find the award inadequate as a matter of law.

**DECISION**

Appellant is entitled to a new trial on the issue of damages.

Reversed and remanded.