Gerald **FLANAGAN**, Respondent,

v.

Larey Evans **LINDBERG**, Petitioner, Appellant.

No. C5–86–654.

Supreme Court of Minnesota.

May 1, 1987.

Emilio R. Giuliani, Hopkins, for appellant.

James Hunter, Claude M. Lowentahl, Minneapolis, for respondent.

**AMDAHL, Chief Justice.**

We granted the petition of appellant Larey Evans Lindberg to review a decision by the Court of Appeals which held that a jury damage award less than the stipulated amount of damages was inadequate as a matter of law. We reverse.

Gerald Flanagan commenced this action seeking damages for personal injuries sustained in an automobile accident with Lindberg. In response to a request from the trial court, the parties stipulated as to medical expenses for purposes of offsetting any damage award by the amount of medical expenses incurred and paid by respondent's insurance company. The parties agreed that medical expenses totalled $7,064.84. The jury subsequently returned a verdict for respondent in the amount of $6,050. The trial court entered judgment accordingly, but the Court of Appeals determined that because "appellant's stipulated medical expenses were in excess of the jury's damage award, * * * the award [was] inadequate as a matter of law." *Flanagan v. Lindberg*, 398 N.W.2d 589, 592 (Minn.App.1986). The court remanded for a new trial on the issue of damages.

■ While as a general rule, a jury verdict may be inadequate if it is less than the stipulated medical expenses, such a lesser award is not necessarily inadequate. *See Oulman v. City of Minneapolis*, 303 Minn. 563, 227 N.W.2d 822 (1975). The Court of Appeals has previously stated the same general rule. *See Rud v. Flood*, 385 N.W.2d 357, 361 (Minn.App.1985). The test to be applied by an appellate court is whether the jury award of damages is "so inadequate or excessive that * * * it could only have been rendered on account of passion or prejudice." *Seim v. Garavalia*, 306 N.W.2d 806, 813 (Minn.1981) (citing *Krueger v. Knutson*, 261 Minn. 144, 154, 111 N.W.2d 526, 533 (1961)).

■ However, rather than applying this standard, the Court of Appeals here appears to have concluded that in any case where a jury returns a verdict less than the stipulated medical expenses, the award conclusively is inadequate as a matter of law. In our view, such an absolute rule is inappropriate. In the present case, the parties stipulated medical expenses for purposes of foundation only; the stipulation never included consideration of whether the medical expenses were necessary or causally related to the accident. In application of the proper standard of review, we hold that the jury's award of damages is not inadequate as a matter of law.

Reversed.