**Angela PETERS, Respondent (CO–91–835),**

**Calvin Peters, Trustee for the Next–of–Kin of Jamie Peters, Decedent, Respondent (C2–91–836),**

v.

**INDEPENDENT SCHOOL DISTRICT NUMBER 657, MORRISTOWN, Minnesota, Defendant and Third–Party Plaintiff, Appellant,**

v.

**Patricia PETERS, Third–Party Defendant, Respondent.**

**Nos. CO–91–835, C2–91–836.**

Court of Appeals of Minnesota.

Nov. 26, 1991.

Gary L. Voegele, Cook, Voegele and Nelson, P.A., Faribault, for Angela Peters.

Peter J. Schmitz, Schmitz & Ophaug, Northfield, for Calvin Peters.

Jeffrey A. Hanson, Dunlap, Finseth, Berndt & Sandberg, P.A., Rochester, for appellant.

William J. Baudler, Baudler, Baudler, Maus & Blahnik, Austin, for Patricia Peters.

Considered and decided by FOLEY, P.J., and FORSBERG and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant school district challenges the trial court's jurisdiction to grant a new trial and the trial court's determination that failure to submit Minn.Stat. § 169.19, subd. 4 (1986) as a jury instruction constituted an error of law. Respondents, Angela and Calvin Peters, appeal the trial court's denial of their motions for a new trial on the issue of damages.

## FACTS

On September 15, 1987, Gordon Butler, a Morristown School District bus driver, was driving a school bus east on Highway 60. Although the speed limit on Highway 60 is 55 miles per hour, eastbound traffic was traveling at approximately 20–25 miles per hour because of dense fog. At the same time, Patricia Peters was driving an automobile west on Highway 60 at approximately 50–55 miles per hour accompanied by her three-year-old daughter Jamie and her sister Angela.

As Butler approached the intersection of Highway 60 and Harris Trail he decreased his speed and came to a stop before starting his left turn. Because of the fog, Butler was only able to see about 25–30 feet in front of him. Butler made his left turn onto Harris Trail but as his bus was about to clear the intersection Patricia Peters' car hit the bus.

Patricia testified that she had seen the bus but believed that it had stopped, was yielding to her vehicle, and would make its turn after she passed through the intersection. By the time she realized the bus was turning, Patricia was unable to avoid the collision. The accident killed three-year-old Jamie Peters and left Angela Peters with permanent injuries.

Angela Peters and Calvin Peters, trustee for the next-of-kin of Jamie Peters, commenced this action against Morristown Independent School District and Patricia Peters. A jury trial was held and the jury found Patricia Peters 100% negligent. The jury awarded Angela $21,500 for her past damages and $90,000 for her future damages. Calvin Peters was awarded $2,000 for funeral expenses and $18,000 for pecuniary loss.

The court filed its order on September 26, 1990. Subsequently Calvin, Patricia, and Angela Peters all moved for a new trial. The school district opposed these motions.

By its order dated November 16, 1990, the trial court ordered a new trial on the issue of Gordon Butler's negligence because it concluded the failure to include Minn.Stat. § 169.19, subd. 4 in the jury instruction constituted "plain error." Neither at trial nor in post trial motions did any party request the inclusion of Minn. Stat. § 169.19, subd. 4 in the jury instructions. The court denied all other motions. Patricia Peters orally renewed her motion for a new trial on the issue of her negligence, which the court granted on January 25, 1991. The school district did not oppose this motion.

## ISSUES

1. Did the trial court have jurisdiction to order a new trial?

2. Did the trial court abuse its discretion when it denied Calvin and Angela Peters' motions for new trials on the issue of damages?

## ANALYSIS

### I.

■ Initially we note that the school district did not waive its right to appeal the January 25, 1991, order granting Patricia Peters a new trial because it did not oppose this motion. In light of the court's November 16 order for a new trial on the issue of Gordon Butler's negligence, the January 25 order was merely a procedural formality. Significantly, the school district did oppose the November 16 order.

The school district argues the trial court did not have jurisdiction to order a new trial because in doing so it violated rule 59.05 of the Minnesota Rules of Civil Procedure. The rule provides:

> Not later than 15 days after a general verdict or the filing of the decision or order, the court upon its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party. After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely served, for a reason not stated in the motion. In either case, the court shall specify in the order the grounds therefor.

Minn.R.Civ.P. 59.05.

■ The school district argues that the trial court's order granting a new trial on November 16, 1990, was untimely because it was made on the court's own initiative 51 days after the filing of findings of fact, conclusions of law, and order for judgment. The court lacks authority to grant a new trial on its own initiative after the 15–day period. *Bowman v. Pamida, Inc.,* 261 N.W.2d 594, 597 (Minn.1977); *Gorder v. Sims,* 297 Minn. 346, 347, 211 N.W.2d 369, 370 (1973). Consequently, the school district argues that the trial court lacked jurisdiction to order a new trial.

The trial court's stated reason for granting the new trial was that the jury instructions did not include Minn.Stat. § 169.19, subd. 4. Calvin Peters concedes that he failed to request the language of the statute but argues that he set forth its substance in his motion for a new trial when he assigned as error the failure to include his proposed jury instructions 10D and 10E.

Peters argues that since his proposed jury instructions were similar to the statute, the trial court granted his motion for a new trial.

We disagree. This argument is directly contradicted by the trial court's findings. The court's memorandum accompanying its order states:

Although such instruction was not requested and although the Court's failure to give such instruction is not a basis for Plaintiffs' motion for a new trial, the Court believes it was error not to instruct the jury concerning that section [Minn.Stat. § 169.19, subd. 4] of the Traffic Regulations.

Thus, the trial court ordered a new trial on its own initiative more than 15 days after filing its order in the case. We conclude that pursuant to Minn.R.Civ.P. 59.05 the court lacked jurisdiction to order the new trial and we therefore reverse the order. Because the trial court lacked jurisdiction to order a new trial on its own initiative, we need not address whether failure to give Minn.Stat. § 169.19, subd. 4 as a jury instruction was an error of fundamental law.

## II.

The jury awarded Calvin Peters, as trustee, $18,000 for the death of three-year-old Jamie Peters. The trial court denied Calvin Peters' motion for a new trial on the issue of damages and found the award was "within a reasonable range for the pecuniary loss suffered by the Next-of-Kin of Jamie Peters as shown by the evidence." Calvin Peters appeals this decision.

■■■ The decision to grant or deny a new trial on the basis of inadequate damages is within the broad discretion of the trial court. *Johnson v. Southern Minn. Mach. Sales, Inc.,* 460 N.W.2d 68, 72 (Minn. App.1990). Reversal is appropriate only where the record reflects that the damage award is so inadequate that it must have been the result of passion or prejudice. *Flanagan v. Lindberg,* 404 N.W.2d 799, 800 (Minn.1987). The Minnesota Supreme Court has noted:

The trial court, having heard the testimony and observed the parties and witnesses, is in a better position than this court to determine whether the damages were given under the influence of passion and prejudice, and in the absence of a clear abuse of that discretion its actions will not be reversed.

*LaValle v. Aqualand Pool Co.,* 257 N.W.2d 324, 328 (Minn.1977). Calvin Peters fails to cite any evidence of passion or prejudice. On the record before us we cannot say that the trial court abused its discretion and accordingly, we affirm its decision.

The trial court also denied Angela Peters' motion for a new trial on the issue of damages. It found:

that the award of past damages of $21,-500.00 and future damages of $90,000.00 for Angela Peters is within a reasonable range justified by the evidence. Although the award may be somewhat low if she experiences serious future problems and future surgery, whether or not such will occur is speculative. Damages based on speculation and guess are not appropriate.

We find no abuse of discretion. The trial court was in a better position than this court to evaluate the evidence before it. There is no evidence of passion or prejudice. We therefore affirm the trial court's denial of the motion for a new trial.

## III.

■■■ Calvin Peters also argues that the trial court should have granted his motion for a new trial because the verdict was not justified by the evidence. In the memorandum accompanying its November 16, 1990, order the court wrote:

Since the Court has granted a new trial concerning the issue of Gordon Butler's negligence, it is not necessary to address Plaintiffs' claim that the jury's finding of no negligence by Butler was not supported by the evidence.

An appellate court must limit its review to only those issues actually presented to and decided by the trial court. *Thayer v. American Fin. Advisers, Inc.,* 322 N.W.2d

599, 604 (Minn.1982). Since the trial court did not address the issue of whether the verdict was justified by the evidence, we will not review this claim on appeal. Therefore, we remand this issue to the trial court.

### DECISION

The school district did not waive its right to appeal the January 25, 1991, order granting Patricia Peters a new trial. The trial court did not have jurisdiction to grant a new trial on its own initiative beyond the 15–day limit provided for in rule 59.05 of the Minnesota Rules of Civil Procedure. The trial court did not abuse its discretion by denying Calvin and Angela Peters' motions for a new trial on the issue of damages. We remand this matter to the trial court to determine whether the verdict was justified by the evidence.

Reversed in part, affirmed in part, and remanded.