UNITED STATES LEASING
CORPORATION,
Respondent,

v.

BIBA INFORMATION PROCESSING
SERVICES, INC., et al., Defendants
and Third Party Plaintiffs, Appellants,

v.

WANG LABORATORIES, INC., Third
Party Defendant, Respondent.

No. C9–91–1191.

Supreme Court of Minnesota.

Sept. 18, 1992.

Rehearing Denied Oct. 20, 1992.

Alfred Stanbury, Minneapolis, for appellants.

Jeffrey R. Ansel, Winthrop & Weinstine, St. Paul, for Wang Laboratories, Inc.

William G. Cottrell, Daniel Ofstedahl, John Halpern & Associates, Minneapolis, for U.S. Leasing Corp., for respondent.

PER CURIAM.

On petition of defendants Biba Information Processing Services, Inc. and Roger Haro,[1] we review only that portion of a split and unpublished decision of the court of appeals reversing the trial court's determination that petitioners' alternative post-trial motions for judgment notwithstanding the verdict or a new trial were not timely. We reverse.

Minn.R.Civ.P. 59.03, defining the time for service and hearing of a motion for a new trial,[2] provides as follows:

A notice of motion for a new trial shall be served within 15 days after a general verdict or service of notice by a party of the filing of the decision or order; and the motion shall be heard within 30 days after such general verdict or notice of filing, unless the time for hearing be extended by the court within the 30 day period for good cause shown.

The record demonstrates that counsel for United States Leasing Corporation served notice of the filing of the order for judgment of the district court on April 8, 1991. Defendants-petitioners' notice of motion and alternative motions were served on April 24, 1991, setting June 5, 1991, as the date for the hearing on those motions. A hearing scheduled for June 5 would be beyond the 30–day limitation. They later contended that, prior to setting the hearing date, they had inquired of court scheduling personnel as to the availability of the trial court judge assigned to the matter, and that the June 5 date was selected on the basis of that availability. No extension of the 30–day hearing requirement was sought or obtained within the time provided therefor in Rule 59.03.

While we have recently discussed the jurisdictional 15–day time limitation for the service of a notice of motion, *Rieman v. Joubert*, 376 N.W.2d 681 (Minn.1985), the

---

1. The petitioners have identified a number of substantive issues they would challenge if the petition were granted in its entirety. We point out that, as a practical matter, the petitioners prevailed at the court of appeals on the issue we now address.

2. Minn.R.Civ.P. 50.02 governs a motion for judgment notwithstanding the verdict and directs that the motion shall be made within the time specified in Rule 59.

last occasion for an analysis of the 30–day hearing requirement was presented in *Woodrow v. Tobler,* 269 N.W.2d 910 (Minn. 1978). There a hearing on the timely post-trial motions was originally scheduled within the 30–day period, but was postponed and rescheduled by a special term judge because of the unavailability of the trial judge. No formal order issued memorializing the "extension." In noting that Rule 59.03 does not prescribe the form an extension for cause should take, we signaled that a written order extending the time for hearing was "certainly preferable" to an administrative procedure, and thereby implied the necessity that the court approve an extension request made for good cause.

The matter before us is procedurally distinguishable from *Woodrow,* because here the hearing was not originally scheduled within the limitation period, an extension was never requested, and the court itself was not involved in the scheduling issue until the time had expired and opposing counsel moved to dismiss the motions as untimely.

By its explicit terms Rule 59.03 mandates a hearing within 30 days after general verdict or notice of filing "unless the time for hearing be extended by the court within the 30 day period for good cause shown." The rule clearly contemplates a judicial determination, not counsel's unilateral action, prior to the expiration of the 30–day period, that good cause exists for the extension. Failing that here, the trial court properly dismissed the motions as untimely. We again comment that prudent counsel will obtain a written confirmation of any extension issued by the court within the 30–day limitation period.

Reversed.