Vincente Chavez CELIS, Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, licensed to do business in the State of Minnesota, Respondent.**

No. C8–97–1938.

Court of Appeals of Minnesota.

June 16, 1998.

---

Terrence R. Peterson, Wible & Gallagher, P.L.L.P., St. Paul, for appellant.

Emilio R. Giuliani, Lori L. Jensen–Lea, LaBore & Giuliani, Ltd., Hopkins, for respondent.

Considered and decided by WILLIS, P.J., and RANDALL and KLAPHAKE, JJ.

**OPINION**

KLAPHAKE, Judge.

Vicente Chavez Celis appeals from the trial court's denial of his motion for a new trial, and respondent State Farm Mutual Insurance Company (State Farm) seeks review of the trial court's denial of its motion to dismiss Celis's new trial motion as untimely. Because the act of scheduling a hearing date on Celis's new trial motion occurred beyond the 30–day time limit provided by Minn. R. Civ. P. 59.03, the trial court lacked jurisdiction to hear Celis's motion. We therefore reverse the trial court's denial of State Farm's motion to dismiss and do not reach the merits of Celis's new trial motion.

**FACTS**

Celis sued State Farm for uninsured and basic economic loss benefits after he was injured in an automobile accident. The parties stipulated to the issue of liability. Following a three-day trial on damages, the jury awarded Celis $16,500 for past medical ex-

penses, but no damages for either past or future pain, disability, or emotional distress.

The trial court filed its findings, conclusions, and order for judgment on August 28, 1995. State Farm served Celis with a copy of the order on August 31. On September 14, Celis served a notice of motion and motion for a new trial on State Farm, noticing a hearing on the motion for November 6. On October 10, State Farm moved to dismiss Celis's motion as untimely. On October 19, the trial court issued an order extending the time for hearing the motions to November 6. In a November 17 order, the trial court denied State Farm's motion to dismiss, and addressed but denied Celis's new trial motion. This appeal is from the subsequently entered judgment.

**ISSUE**

Did the trial court lack jurisdiction to consider Celis's new trial motion because it was untimely under Minn. R. Civ. P. 59.03?

**ANALYSIS**

Minn. R. Civ. P. 59.03 provides:

A notice of motion for a new trial shall be served within 15 days after a general verdict or service of notice by a party of the filing of the decision or order; and the motion shall be heard within 30 days after such general verdict or notice of filing, unless the time for hearing be extended by the court within the 30 day period for good cause shown.

The rule sets out an absolute, 15–day time limit for service of new trial motions and has been interpreted as depriving a trial court of jurisdiction if those time limits are not followed. *Differt v. Rendahl,* 306 N.W.2d 813, 814 n. 1 (Minn.1981).

"[U]nlike the [15–day] jurisdictional time limit for service and filing, the hearing date requirement is not absolute" because it may be extended by the court for good cause shown. *Imperial Developers, Inc. v. Seaboard Sur. Co.,* 518 N.W.2d 623, 628 (Minn. App.1994), *review denied* (Minn. Aug. 24, 1994). However, that extension must be made within the 30–day time period. The purpose of having a hearing within 30 days is

to allow the motion to be "heard while the facts remain fresh in the court's mind," because the court's determination "will depend in part upon the recollection of the trial judge for matters occurring at the trial." 2A David F. Herr & Roger S. Haydock, *Minnesota Practice* § 59.16 (1985).

In *United States Leasing Corp. v. Biba Info. Processing Servs.*, 489 N.W.2d 231, 232 (Minn.1992), the supreme court held that a new trial motion was properly dismissed where the notice of motion and motion for a new trial set the hearing date beyond the 30–day limitation period, neither party requested an extension, and the court itself was not involved in the scheduling of the hearing. The court emphasized that the scheduling of the hearing date in the motion papers beyond the 30–day period was a "unilateral action" on the part of counsel and that there was no judicial determination of good cause for such an extension. *Id.; cf. American Standard Ins. Co. v. Le*, 551 N.W.2d 923, 925–26 (Minn. 1996) (reversing dismissal of post-trial motions where motions originally scheduled within 30–day time period but rescheduled by court administrator to date beyond 30–day time limit, without knowledge of parties or court, and where both parties were at fault in preparing inadequate post-trial papers).

■ During oral argument, Celis's attorney conceded that the motion papers did not schedule the hearing date within 30 days as required by rule 59.03 and that the trial court's October 19 order extending the hearing date to November 6 was issued after the 30 days had expired. Because the court's order was issued after the 30 days expired, it was without jurisdiction to extend the time for hearing. *See* Minn. R. Civ. P. 6.02 (district court prohibited from extending time for taking any action under rule 59.03 "except to the extent and under the conditions stated in [that rule]"); *see also Weberg v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 239 Minn. 345, 350, 59 N.W.2d 317, 320 (1953) (rule 6.02 prohibits court from enlarging time provided under prior version of rule 59.03 after specified time limitation contained in rule has expired). Thus, the trial court erred

in denying State Farm's motion to dismiss Celis's new trial motion.

During oral argument, Celis's attorney also explained that he scheduled the hearing for November 6 because that was the date he was given by the trial court's clerk as the first available hearing date. We do not know if Celis's attorney made it clear to the clerk that it was a new trial motion, nor do we know if he spoke to a law clerk or some other type of clerk. While we recognize that Celis's attorney may have been relying on information given him by a clerk, rule 59.03 clearly requires that a new trial motion be scheduled for hearing within 30 days. Celis's attorney should have, within the 30–day period, obtained an order from the trial court extending the date for hearing in the matter. Because he failed to do so, the trial court thereafter lacked jurisdiction to hear Celis's motion and was required to dismiss it as untimely.

## DECISION

Because the trial court lacked jurisdiction to hear Celis's new trial motion under rule 59.03, its denial of State Farm's motion to dismiss is reversed.

**Reversed.**

RANDALL, Judge (dissenting).

I respectfully dissent. There needs to be a time when substance and equitable estoppel take precedence over form.

Appellant made a timely motion for a new trial. He should have set the hearing for a date within 30 days of filing. He picked November 6, because the record is clear that someone in the district court judge's chambers told him that was the first open date. So he served the motion for a new trial on time, but picks a date more than 30 days away, in violation of Rule 59.03. Respondent does not say anything at this point. Respondent waits until the 30 days are over and then makes a motion to dismiss appellant's motion as untimely. By waiting until the 30 days had run, respondent prevented the trial court from extending the time for good cause, which it can do as long as the extension comes within the 30–day period.

The trial judge, recognizing the inequity of dismissing appellant out of hand on this set of facts, wrote an order on October 19, setting the hearing date for November 6. Respondent points out that the trial court's October 19 order cannot save the motion because it came after the 30–day period had run.

It seems to me that if an attorney calls the court administrator or the judge's chambers personally, and is told to pick a particular date, at least the attorney's client ought to be able to believe he will get his day in court.

Even the cases cited by the majority lend support for appellant's equitable argument. The majority cites *United States Leasing Corp. v. Biba Info. Processing Servs.*, 489 N.W.2d 231 (Minn.1992). There the dismissal was upheld because *"the court itself* was not involved in the scheduling issue until the time had expired." *Id.* at 232. Here, the court was involved in the scheduling of the hearing, meaning telling appellant's attorney to set it for November 6. Thus, our case was not a "unilateral" action on the part of counsel. The next case cited by the majority is *American Standard Ins. Co. v. Le,* 551 N.W.2d 923 (Minn.1996). There the supreme court determined that the post-trial motions were improperly dismissed because the court administrator set a date beyond the 30–day time limit. *Id.* at 926. That is similar to what happened here. Unlike *American Standard,* the setting to November 6 was not done without the knowledge of appellant, but that does not change my analysis.

This set of facts is sui generis. It will not interrupt time-honored rules. It is not a threatening exception to state that when the district court chambers sets an incorrect date, the party being given that date has a right to rely on it. If respondent had stepped in immediately, and pointed out that November 6 was not timely, and given appellant and the district court a chance to rethink the setting, and *then* it did not get reset, but continued outside the 30 days, my decision might be different. But that is a hypothetical I do not need to address.

I respectfully dissent and would have allowed appellant's post-trial motions to be heard.