Catherine HART, Individually, and Catherine Hart, Trustee for the Heirs of Lee Hart, Decedent, Respondent,

v.

CESSNA AIRCRAFT COMPANY, defendant and third party plaintiff, Appellant,

v.

Thomas VOGT, third party defendant, Respondent.

No. 48329.

Supreme Court of Minnesota.

Feb. 9, 1979.

Faegre & Benson and Wright W. Brooks, Ludwig B. Gartner, Jr., and Winthrop A. Rockwell, Minneapolis, for appellant.

Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, Jardine, Logan & O'Brien and Charles E. Gillin, St. Paul, for respondents.

YETKA, Justice.

Appeal by defendant and third-party plaintiff Cessna Aircraft Company from an order of the Ramsey County District Court granting third-party defendant Vogt's motion for summary judgment and from judgment entered on October 13, 1977. Affirmed and remanded for proceedings consistent with procedures set out in this opinion.

The issue raised in this appeal is whether, where a plaintiff is unsuccessful in an action against one tortfeasor and brings a subsequent action for the same injury against a second tortfeasor, the second tortfeasor is barred by the verdict in the first action from bringing an action for contribution against the first, nonnegligent, tortfeasor.

On November 8, 1972, a light plane, manufactured by appellant Cessna and owned and piloted by respondent Vogt, crashed while Vogt was attempting to land in Duluth, killing Lee Hart, plaintiff's husband. The crash apparently resulted from the accumulation of over 3 inches of ice on the wings, causing the plane to lose lift. The plane did not have deicing equipment and was not required by Federal air regulations to have such equipment.

Prior to the action involved in this appeal, plaintiff brought an action against Vogt in

Ramsey County District Court. That case was tried before a jury, which found that Vogt was not negligent and that plaintiff's damages were $175,000. Plaintiff appealed from the judgment, and this court affirmed. *Hart v. Vogt,* 306 Minn. 476, 238 N.W.2d 590 (1976).

The plaintiff subsequently brought this action against Cessna, alleging, inter alia, negligence in design, manufacture, and sale of the airplane and breach of implied warranties of merchantability and fitness for intended use. Cessna served a summons and third-party complaint on Vogt, alleging that if Cessna were found liable to plaintiff, it would be entitled to indemnity or contribution from Vogt. In his answer, Vogt asserted that the verdict and judgment in the prior action established that he was not liable to plaintiff and that, therefore, he could not be liable to Cessna for indemnity or contribution.[1] Vogt moved for summary judgment dismissing Cessna's claim for contribution. The trial court granted that motion on October 7, 1977. This appeal followed.

Previous cases have established that the essential elements for contribution in a tort action are a common liability of joint tortfeasors to an injured party and the payment by one of the tortfeasors of more than his share of that liability. See, *Bunge v. Yager,* 236 Minn. 245, 252, 52 N.W.2d 446, 450 (1952). Relying upon the necessity for common liability, this court, in *American Motorists Insurance Co. v. Vigen,* 213 Minn. 120, 5 N.W.2d 397 (1942), established the rule that—

" * * * [w]here it has been adjudicated that there never was any responsibility of the defendant to the injured person, there is absent that common liability which is the fundamental basis for contribution." 213 Minn. 127, 5 N.W.2d 400.

Although the Vigen rule was announced in a case in which the alleged tortfeasors were both defendants in the same action, in *Spitzack v. Schumacher,* 308 Minn. 143, 241 N.W.2d 641 (1976), the rule was held to apply in a case where the tortfeasors are sued in separate actions.

" * * * The substance of the Vigen holding is that a valid judicial determination on the merits that a defendant never was liable to a plaintiff negates the element of common liability and thereby immunizes that defendant from any subsequent action for contribution arising out of the same facts. Furthermore, absent special circumstances, the fact that appellant was not a party in the original action is not sufficient to allow it to relitigate the issue of respondents' liability." 308 Minn. 147, 241 N.W.2d 644.

The instant case clearly falls within the rule established by Vigen and Spitzack. According to the verdict in the first action, Vogt is not liable to plaintiff. Thus, there is no common liability of Vogt and Cessna to plaintiff, and Cessna cannot claim contribution from Vogt.

Cessna contends, however, that recent decisions of this court have eliminated common liability as a prerequisite for contribution.[2] Although we are aware that the requirement of common liability has been criticized, we have not eliminated it. We impose this requirement because we believe that only a tortfeasor who is liable for a

---

1. Vogt and Cessna later executed a mutual release whereby Cessna agreed not to pursue its claim for indemnity but reserved its right to pursue its claim for contribution and Vogt agreed not to pursue any claim for personal injury or property damage against Cessna.

2. Cessna also argues that the determination that Vogt was not negligent is not conclusive against it, because, according to the doctrine of res judicata, a judgment is conclusive only against those who are parties to the action. We have determined, however, that this doctrine does not apply to an action for contribution: "It is clear that the decision in the Vigen case is based upon the theory that the doctrine of *res judicata* is not involved, but that an action for contribution rests upon a common liability of joint tort-feasors to an injured party and the payment of more than his share by one of the codefendants; and that when the nonliability of one of the codefendants is established in the original action there can be no right to contribution for the reason that there is no common liability." *Bunge v. Yager,* 236 Minn. 245, 252, 52 N.W.2d 446, 450 (1952).

plaintiff's loss should be required to contribute to the payment for that loss. Although we have modified the requirement where necessary to achieve an equitable result, see, *Lambertson v. Cincinnati Corp.,* Minn., 257 N.W.2d 679 (1977); but see, *Ascheman v. Village of Hancock,* 254 N.W.2d 382 (Minn.1977), elimination or modification of the requirement of common liability would be inappropriate in this case where a jury found that Vogt was not negligent.

■ But contribution is an equitable action, and the rules governing its use should promote the fair and just treatment of the parties. The Vigen-Spitzack rule is intended to protect defendants against multiple litigation and the attendant risk of inconsistent judgments. If application of that rule imposes a hardship on any of the parties,[3] however, equity demands that we relieve that party of any burden unjustly imposed.[4] In the instant case, if Cessna is found negligent and cannot claim contribution from Vogt, it may be required to pay more than its share of the plaintiff's loss.[5] Although we do not want to impose liability on the previously successful defendant, Vogt, we do not want the second defendant, Cessna, to bear the entire burden of the plaintiff's loss if he can show that Vogt's negligence contributed to that loss.

We believe there is an equitable solution to this apparent dilemma. The plaintiff does have, and should have, the right to control his own lawsuit—to sue or not to sue whomever he chooses. However, if there are two or more possible defendants and plaintiff elects to sue them piecemeal, it is he who should bear any risk imposed by using that procedure.

Thus in this case we hold:

1. Cessna is barred from suing Vogt in this lawsuit because Vogt has already been sued and held not liable to this same plaintiff.

■ 2. Since Cessna was without any notice of the first lawsuit, brought by plaintiff against Vogt, and thus had no opportunity to participate and defend, it has a right to all of the defenses which it could have offered if it had been made a defendant in the first action, including the claim that the injury was caused by Vogt's negligence.[6]

■ 3. Vogt may be required to appear as a witness in the second lawsuit. Given the special circumstances, he may be called by either Cessna or plaintiff for cross-examination under Rule 43.02, Rules of Civil Procedure. He need not, however, be represented by counsel since technically he is not a party.

4. Vogt shall not be liable to plaintiff or to Cessna for any damages awarded to plaintiff against either Cessna or Vogt in the second suit.

---

3. "As an extreme example of the injustice which is theoretically possible under the *Vigen* rule, assume that A is injured in a collision between B and C, and A sues B alone without C's knowledge. B is exonerated and the time to appeal expires. If A subsequently sues C and obtains a judgment, under the Vigen rule C is barred from recovering contribution against B, although C had neither notice nor an opportunity to be heard in the litigation which foreclosed his rights." *Anderson v. Gabrielson,* 267 Minn. 176, 180 n. 9, 126 N.W.2d 239, 242 n. 9 (1964). The facts of the instant case are identical to those in this "extreme example."

4. See, generally, *Anderson v. Gabrielson, supra; Mocuik v. Svoboda,* 253 Minn. 562, 93 N.W.2d 547 (1958).

5. In a case such as the present, not only are there equitable considerations but there are also constitutional concerns. As Justice Kelly noted in his special concurrence in *Spitzack v. Schumacher,* 308 Minn. 143, 241 N.W.2d 641

(1976): " * * * If either notice or opportunity to litigate had been denied appellant, I would have favored reversal because the element of common liability would have been conclusively decided against appellant in an action in which he *could* not have been heard. Such a result would offend my notions of fairness, due process, and affording appropriate remedies for wrongs. Minn.Const. art. 1, § 8." 308 Minn. 149, 241 N.W.2d 645 (footnote omitted).

Cessna claims it had no notice of the action brought against Vogt until after the verdict in that case was affirmed on appeal, when it was served with a summons and complaint in the instant case.

6. To prevent prejudice to Cessna, the jury will not be informed that in a prior trial Vogt was found nonnegligent. In future cases, the trial court shall determine, prior to trial, whether the defendant in a second action may maintain an action for contribution against a defendant successful in a prior action.

5. Cessna will be liable to plaintiff for only that portion of the negligence attributable to it, assuming, of course, that plaintiff is less than 50 percent negligent. For example, if the jury in the second lawsuit were to find plaintiff 30 percent at fault, Vogt 35 percent at fault, and Cessna 35 percent at fault, the total liability of Cessna would be only 35 percent.

6. Since plaintiff has had the opportunity to litigate the question of damages in the first lawsuit against Vogt, that question will not be relitigated in the second lawsuit against Cessna unless Cessna specifically so requests. The option to relitigate damages shall rest in Cessna alone, and plaintiff will be barred from requesting a relitigation of such damages.

Although Vogt may be required to appear as a witness in a second lawsuit, it is a lawsuit in which he can incur no liability. This procedure is preferable to barring Cessna from any remedy whatever when not only the plaintiff but also Vogt himself could have brought Cessna into that first lawsuit.

The case is thus affirmed and remanded for proceedings consistent with procedures set out in this opinion.