Beth Becker RUNIA, et al.,
Respondents,

v.

MARGUTH AGENCY, INC., et al., Appellants.

No. C2-87-1433.

Court of Appeals of Minnesota.

March 8, 1988.
Review Granted April 27, 1988.

William R. Sieben, Minneapolis, for respondents.

Marianne Settano, Minneapolis, for appellants.

Heard, considered and decided by FORSBERG, P.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellants were found to have committed professional negligence by failing to properly advise respondent Robert Becker on his insurance coverage. Appellants contest the finding that they were negligent and that their negligence was the proximate cause of respondent Beth Becker Runia's inability to recover damages for her injuries. Appellants also challenge the constitutionality of the additur imposed in an earlier proceeding on Beth Runia's injuries, and the admission of expert testimony to interpret other insurance policies. We affirm.

### FACTS

On January 13, 1983, respondent Beth Becker Runia was injured while a passenger on a snowmobile driven by her fiance, respondent Roger A. Runia (now Beth's husband), and owned by respondent Robert E. Becker, Beth's father. At the time of the accident, Beth was living away from home in Granite Falls; her father had agreed to let Beth take one of his two snowmobiles with her.

Before Robert Becker gave his daughter permission to take the snowmobile, he asked his insurance agent, appellant Jack Smith, for coverage for Beth Becker and her companions. Robert testified at trial that he told the agent Beth and others would be riding the snowmobile and he wanted full coverage for himself and for any other parties involved, in case of an accident. Smith agreed to write the policy.

After the accident, Beth brought a declaratory judgment action to determine whether Roger Runia was an insured under Robert's homeowner's policy, and she also brought a personal injury action against Roger Runia and the truck driver involved in the accident.

In the declaratory judgment action, this court held that Roger Runia was not an

insured and was not covered under Robert's policy. *State Automobile & Casualty Underwriters v. Runia,* 363 N.W.2d 818 (Minn.Ct.App.1985). Robert met with Smith after this judgment. Smith, who knew that Roger was driving and that Beth was the passenger, said he thought the injury was covered, and Smith expressed surprise that the court found no coverage.

In the liability action, the jury determined that Roger Runia was 100 percent at fault for the accident. Beth's damages for her injuries were found by the jury to be $56,000. The trial court in that action imposed additur to the jury verdict, increasing the damages to $250,000.

Respondents Beth Runia, her husband, and her father then brought this suit against appellants, Marguth Agency, Inc. and Jack J. Smith, alleging that appellants were negligent in failing to properly advise Robert Becker as to the scope of his insurance coverage. Respondents sought damages in the amount of $250,000, the award determined in the original trial including the additur.

In the bench trial proceedings, respondents called two witnesses as experts in the area of insurance policies, and introduced three insurance policies—the State Auto policy Robert Becker actually purchased from Smith, and two others, available from Auto Owners Insurance Company and Allstate Insurance Company. The experts testified that the two latter policies would have provided coverage for Beth's injuries, although the policy Smith provided Robert Becker did not.

One of the experts testified that as a professional insurance agent Smith should have told Robert Becker that only he and members of his immediate household, not Beth and other users of the snowmobile, would be covered. The other expert testified that Smith did not exercise the requisite standard of care for insurance agents

in that there was a very specific request made and very clearly coverage that was rendered that was ineffective to meet the need of that person who had entrusted that request to the agent.

Appellants' expert witness was found unqualified as to interpretation of insurance policies.

The trial court found that appellants were "negligent in not using that degree of skill and learning, as well as reasonable care, which is normally possessed and used by insurance agents" in similar circumstances. The court ruled that Smith and the insurance agency's negligence in failing to properly advise Becker on insurance coverage "was the proximate cause of Beth Becker Runia being unable to collect damages from Roger Runia" for her injuries.

In pretrial proceedings, the court ordered the proper measure of damages for respondent Beth Becker Runia would be $250,000, the amount of the judgment in Beth Runia's original personal injury action. The court thus ordered judgment for Beth in the amount of $250,000. The court also denied appellants' motion for a new trial.

Appellants contest the trial court decision on several grounds. They claim the court erred in adopting the additur because additurs unconstitutionally deprive defendants of a jury verdict.[1] Appellants claim

---

1. The only issue before us is whether the original trial court's decision to impose additur was constitutional. Appellant has not disputed the sufficiency of the evidence to justify the original trial court's determination of the amount of the additur. Nor do appellants dispute that the prior judgment is the appropriate measure of the insured's damage in the present proceeding. In addition, appellants have not raised the question of whether the prior proceeding was properly conducted in the absence of their participation; i.e. whether the insurer was wrongfully deprived of the opportunity to be heard on the question of Beth Becker Runia's damages. Appellants implicitly concede that respondents have adequately proved $250,000 in damages so

long as the judgment in that amount was constitutionally determined. If the additur was constitutional, it represents proof of damages in this case and we are bound by it.

Respondents do not question the legitimacy of appellants' standing to challenge the constitutionality of the original trial court's additur. The trial court in this action agreed it was bound to decide the constitutional issue. Appellants suggest their right to raise the issue is based on a general right of collateral review of a decision on constitutional grounds. *See Hotchkiss v. Cutting,* 14 Minn. 537, 14 Gil. 408 (1869). Whether or not this contention is sound in this

the court erred in permitting respondents to introduce the two other insurance policies over appellant's objection and in permitting expert testimony when the insurance policy language was unambiguous. Appellants also contest the trial court conclusions that appellant breached a duty to Robert Becker by failing to advise him on insurance coverage and that the negligence was the proximate cause of Beth's injury.

## ISSUES

1. Did the trial court err in concluding that additur to the earlier jury verdict was constitutionally imposed?

2. Did the trial court's findings support the conclusion that appellants were negligent?

3. Did the trial court err in finding that appellants' negligence proximately caused respondent Beth Becker Runia's inability to recover insurance?

4. Did the trial court err in allowing expert witnesses to interpret the insurance policies?

## ANALYSIS

### 1. Constitutionality of the additur.

■ Although unconditional additurs[2] are unconstitutional in federal courts as violative of a defendant's right to a jury trial, the Minnesota Supreme Court held that the seventh amendment to the United States Constitution is not binding on the states and the Minnesota Constitution differs from the United States Constitution on retrying jury verdicts. *Genzel v. Halvorson,* 248 Minn. 527, 533–34, 80 N.W.2d 854, 857–59 (1957). In Minnesota, the trial judge "possesses a wide range of discretion * * * after the verdict has been rendered

and he may within reason unconditionally impose additurs or remittiturs or he may in the interests of justice impose a new trial." *Krueger v. Knutson,* 261 Minn. 144, 158, 111 N.W.2d 526, 535 (1961). More recently, the supreme court noted, albeit in dicta, "we have broadly recognized the court's discretion to impose unconditional remittiturs [in *Krueger*]." *Bowman v. Pamida Inc.,* 261 N.W.2d 594, 596 n..2 (Minn.1977).

■ Based on Minnesota precedents, we must view the distinction between additurs and remittiturs as artificial. The first takes away a defendant's right to the damages set by the jury verdict, and the latter takes away a plaintiff's right to receive the full damages decided by the jury. In Minnesota remittiturs are constitutional; so too are additurs. It was permissible for the original trial court to adopt the additur to the jury verdict. If we are to assume the additur here was unconditional,[3] the same conclusion still follows. Unconditional remittiturs are constitutional, as are unconditional additurs. *Genzel,* 80 N.W.2d at 858.

If the merits of the additur here were directly attacked and fully scrutinized, other issues might be presented. Such is not the case here, where we are asked only to decide whether an additur is constitutional.[4]

### 2. Finding of negligence.

■ Appellants misconstrue the trial court's decision. According to appellants, the trial court found them negligent for failure to provide proper coverage for Robert Becker, Beth Runia's father. Appellants state that any duty of care they owed was solely to Robert Becker; that he asked

---

case, the parties agree the constitutional question is sound, an issue in this litigation.

**2.** The trial court in this action termed the additur unconditional, and appellants adopted the characterization and tied its claim of unconstitutionality on it. Actually, in this collateral proceeding, we have no record before us as to whether the original additur was unconditional or whether in the original trial one or more options was offered to the defendant but not exercised. In fact, as appellants themselves observed, the additur was unopposed by the defendants in that proceeding. *See supra* note 1 (except as to the constitutional power of the original court to impose additur, appellants have not disputed the lawfulness of the initial proceeding as affecting the defendant's rights or their rights).

**3.** *See supra* note 2.

**4.** *See supra* note 1.

for insurance coverage for himself and they provided it for him.

It is falacious argument to suggest the trial court meant appellants were negligent only in failing to provide coverage for Robert Becker's liability. The evidence is clear that Robert Becker requested full coverage for anyone who would be using the snowmobile while his daughter was borrowing it. Therefore the insurance agent's obligation was to provide coverage that would have provided liability coverage for Roger Runia and compensated persons injured due to his negligence.

The trial court emphasized that insurance agents have a high standard of care commensurate with the complexity of insurance issues. We will not reverse a determination of negligence which is not clearly erroneous.

### 3. Causation.

Appellants argue that to be held liable for their failure to properly insure respondents, respondents must show that an insurance policy was available that would have covered the loss. In *Melin v. Johnson*, 387 N.W.2d 230, 233 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn. July 31, 1986), an insurance agent was held not to be liable for failing to inform his client that he was not covered because there was no evidence that any available policies would have covered him. Even though the agent was negligent in not informing Melin, the failure to notify him was not the proximate cause of Melin's inability to obtain coverage, as no such coverage existed. *Id.*

In *Melin*, the insured claimed his belief led him to decide against obtaining other coverage. Unless he could have obtained better coverage that would have compensated him when his medical expenses subsequently occurred, his belief was of no significance. Here, Robert Becker's belief that his daughter was covered was material not only to his choice not to seek another policy, but to his subsequent actions. Becker alleges that if not for that belief he would not have allowed his daughter and her companions to use the snowmobile.

Furthermore, evidence in this case indicates that Becker could have obtained better coverage and did not do so because of the agent's representations. Two expert witnesses testified that the Auto Owners and Allstate insurance policies would have covered Beth Becker Runia's injuries.

### 4. Expert testimony on insurance policies.

Appellants contend that the other insurance policies clearly would not provide coverage under these circumstances, and therefore it was error for the trial court to find otherwise and to receive expert testimony on the interpretation of the policies. Appellants predicate this argument on the premise that the policies unambiguously treat Beth Becker Runia an insured because she was a "permissive user." Therefore, while she was a passenger on the snowmobile she remained an insured who could not recover on the basis of third party liability, even if the liable party was also a permissive user at the time.

To the contrary, the ambiguity in these policies is evident. An opposite construction is at least as plausible. There is no reason Beth's status as a prospective permissive user should permanently cloud her position when she is a passenger. Similarly, a friend of Beth's driving the snowmobile with consent must be considered a permissive user.

Because of this ambiguity, it was not error for the trial court to admit expert testimony interpreting the policies.

### DECISION

The trial court did not err in its determinations on negligence, causation and damages, nor in its decision to admit expert testimony.

Affirmed.