Beth Becker RUNIA, et al.,
Respondents,

v.

MARGUTH AGENCY, INC., et al.,
petitioners, Appellants.

No. C2-87-1433.

Supreme Court of Minnesota.

March 17, 1989.

Marianne Settano, Minneapolis, for petitioners, appellants.

William R. Sieben, Minneapolis, for respondents.

WAHL, Justice.

This is an appeal by Marguth Agency and Jack L. Smith from an order of the Redwood County District Court denying their motion for a new trial or amended findings of fact in a suit for negligent procurement of insurance. The court of appeals held the trial court did not err in its determinations on negligence, causation and damages, nor in its decision to admit expert testimony. The case was presented to this court as a challenge to the constitutionality of unconditional additur in Minnesota. We see the decisive question to be whether these defendants in a second lawsuit are bound by damages found in a first lawsuit to which they were neither privy nor a party. Holding they are not bound, but finding negligence properly attributed to defendants for misrepresenting coverage provided, we reverse in part and remand for a new trial on damages.

On January 13, 1983, respondent Beth Becker Runia was injured when the snowmobile on which she was riding as a passenger collided with a truck. The snowmobile was owned by her father, Robert Becker, and driven by her then-fiance, now husband, Roger Runia, a respondent in this action.[1] Prior to loaning the snowmobile to

1. The extent and nature of Beth Becker Runia's injuries are not part of the record before this court.

his daughter for the winter, Robert Becker had contacted his insurance agent, Jack Smith of Marguth Agency, and requested coverage for himself, his daughter, and anyone else who might use the snowmobile. Smith was aware that Beth Becker Runia lived away from home, both because Robert Becker so informed him and because he had written the insurance on her mobile home in Granite Falls. Smith indicated that he could provide the requested coverage and attached an endorsement to Robert Becker's homeowner's policy.

After the accident Beth Becker brought a negligence action against Roger Runia and the truck driver, Larry Hills. Roger Runia tendered defense of the action against him to State Automobile and Casualty Underwriters under Robert Becker's homeowner's insurance policy, claiming he was an insured under that policy. State Auto commenced a declaratory judgment action to determine whether the homeowner's endorsement provided coverage for Roger Runia's liability to Beth Becker Runia. The trial court held that application of the Safety Responsibility Act, Minn.Stat. § 170.54 (1988), to the policy definition of "insured" resulted in no coverage. The court of appeals affirmed the trial court's determination that the insurer had no duty to defend or indemnify Roger Runia. *State Automobile & Casualty Underwriters v. Runia*, 363 N.W.2d 818 (Minn.App. 1985).

The personal injury suit then went to trial. The jury determined that Roger Runia was 100% at fault for the accident and assessed Beth Becker Runia's damages at $56,000. Beth Becker Runia's attorney moved for additur. The defendants each received notice of the motion. Hills, having been found 0% negligent, was not liable for any judgment and Roger Runia was unrepresented by counsel and was uninsured. Consequently, neither participated in the unrecorded telephone conference on the motion between Beth Becker Runia's

attorney and the trial court. The trial court granted an unconditional additur raising the damage judgment to $250,000. *Becker v. Runia*, Dist.Ct. File No. C–83–172 (1985).

Subsequently, Beth Becker Runia, Roger Runia and Robert Becker filed this suit against Marguth Agency and Jack Smith, alleging that Smith and Marguth failed to provide adequate coverage to fulfill Becker's specific request for coverage and that they negligently failed to properly represent the coverage they did provide.[2] A pre-trial motion was heard to determine whether the damage amount established in the personal injury suit should be adopted for this proceeding. The trial court found that the damage award could be collaterally attacked by the defendants but concluded that the unconditional additur was not unconstitutional in Minnesota. The court issued an order on April 22, 1987, adopting $250,000 as the proper measure of damages.

After a one-day bench trial on May 5, 1985, the trial court found Smith and Marguth negligent on two grounds: 1) in performing professional services in advising and counseling their client Becker without using the degree of skill, learning, and reasonable care normally possessed and used by insurance agents in good standing in a similar practice and under like circumstances; and 2) in negligently representing to Becker there was full coverage for his snowmobile under the recreational vehicle endorsement to the homeowners policy issued through them. The trial court then found the negligence of Smith and Marguth in failing to properly advise Becker regarding the insurance coverage on his snowmobile resulted in and was the proximate cause of Beth Becker Runia being unable to collect damages from Roger Runia for her injuries. The trial court ordered judgment against Smith and Marguth for $250,000.

---

**2.** The policy issued through Smith and Marguth by State Automobile and Casualty Underwriters included $300,000 personal liability coverage for each occurrence including a recreational vehicle endorsement covering the two snowmobiles owned by Becker.

The court of appeals affirmed the trial court's decision, finding the unconditional additur to be constitutional in Minnesota and within the trial court's discretion. *Runia v. Marguth Agency, Inc.*, 420 N.W.2d 641 (Minn.App.1988). The appellate court rejected appellants' argued distinction between additurs and remitturs, concluding that each alters the jury's award and thereby deprives one party of the benefit of the jury's verdict. *Id.* at 644. The appellate court further noted that the determination of negligence was appropriate since the agent's representations led Robert Becker to lend the snowmobile and not to seek other coverage, and that expert testimony was properly taken at trial since the insurance policies introduced were ambiguous. *Id.* at 645. We granted further review.

The primary issue raised on appeal concerns damages—the propriety of appellants' being bound by the damages award in the prior personal injury suit and the constitutionality of the unconditional additur granted by the trial court in that case to raise the jury verdict of $56,000 to $250,000. Appellants also claim that the evidence does not support the trial court's findings of negligence and proximate cause.

## I

■ We address first the sufficiency of the evidence to establish liability. If there is no liability, the issue of damages is moot. The case was tried to the court. The standard for review of a bench trial is broader than the standard for jury verdicts:

> Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

Minn.R.Civ.P. 52.01.

The plaintiffs based their case, and tried it, on two separate and independent grounds: first, that Smith and Marguth failed to provide adequate coverage to fulfill Becker's specific request for coverage; and, second, that Smith negligently misrepresented the coverage that was provided. The trial court found liability on both grounds. Because we affirm the trial court's finding of liability on the ground of negligent misrepresentation, we need not reach the issue of whether Smith and Marguth's failure to provide adequate coverage to fulfill Becker's specific request was also a proximate cause of Beth Becker Runia's damages.

■ Negligent misrepresentation is grounds for liability in this state, even when the statement is the result of a mistake, *Lewis v. Citizens Agency of Madelia, Inc.*, 306 Minn. 194, 198–199, 235 N.W.2d 831, 834 (1975). The evidence which supports the trial court's finding of negligent misrepresentation in this case shows that before he let his daughter take the snowmobile, Robert Becker met with Jack Smith to make sure it had adequate coverage. He informed Smith he was lending a snowmobile to his daughter Beth for her use in Granite Falls and he wanted full insurance coverage for the snowmobile. Smith, knowing of Beth's separate residence and knowing of her father's plans, assured Becker that the snowmobile had full liability coverage no matter who drove it.

Smith and Marguth argue that any misrepresentation found was not a proximate cause of Beth Becker Runia's inability to collect benefits from insurance. They assert that this case is controlled by *Melin v. Johnson*, 387 N.W.2d 230, 233 (Minn.App. 1986), which requires plaintiffs to show the availability of more complete insurance coverage than was provided before collecting damages for misrepresentation. Reliance on *Melin* is misplaced under the facts and circumstances of this case.

*Melin* was an action against an insurance agent for failing to provide full medical coverage to a man who was uninsurable individually due to a pre-existing medical condition. The agent provided a group policy under which the plaintiff was partially covered, but failed to explain the limits on plaintiff's coverage. The court of appeals held that the agent had breached a duty to explain the coverage, but that since no more complete coverage was available it was not a proximate cause of plaintiff's loss. *Melin*, 387 N.W.2d at 232–33.

The case before us is distinguishable. Unlike the plaintiff in *Melin*, the plaintiffs here could elect not to engage in the uninsured activity. Had Jack Smith accurately represented the insurance coverage he sold to Robert Becker, Becker could, and testified he would, have refused to loan the snowmobile to his daughter, thus avoiding the accident. The trial court's finding that Smith's negligent misrepresentation of full coverage was a proximate cause of plaintiff Beth Becker Runia's damages is not clearly erroneous and we so hold. Liability attaches independently of whether any insurance policies would have provided the requested coverage.

## II

With liability established, we turn to the multifaceted issue of damages which occasioned our granting review in this case. Did the trial court err in finding these defendants in a second lawsuit bound by damages found in a first lawsuit to which they were neither privy nor a party? Did the trial court err in finding that the unconditional additur granted by the trial court in the first lawsuit which raised those damages from the jury verdict of $56,000 to $250,000 is constitutional? Is it necessary to reach the constitutional issue, and if it is, do appellants have standing to raise it?

The trial court properly determined that Marguth and Smith, the defendants in the second lawsuit, could collaterally attack the judgment for damages in the first lawsuit as to its effect on them. The trial court determined further, however, that the resolution of the matter hinged on the constitutionality of the unconditional additur on which the judgment for damages in the prior lawsuit was based, and assumed that if the unconditional additur was constitutional, the defendants were bound by the judgment. In this the trial court erred.

█ Appellants, before the trial court and before the court of appeals, challenged the constitutionality of the unconditional additur on the basis that it operates to deprive defendants of the right to a jury verdict and they raise that challenge here.[3] Respondents argue Marguth and Smith have no standing to make such a challenge. Appellants do have standing to challenge the constitutionality of unconditional additur[4] but the argument is irrelevant. The constitutional issue need not have been and need not now be reached. Our concern, however, that the trial court and court of appeals have misread our cases on the use of additur and remittitur, compels us to clarify the law in that regard.

Minnesota law on the use of conditional additur and remittitur was well established by 1920. In that year this court decided *Podgorski v. Kerwin*, 147 Minn. 103, 179 N.W. 679 (1920). The question presented was whether the trial court's decision to permit the plaintiff to avoid a new trial by consenting to a remittitur was error against the defendant. The court decided there was no error, stating:

> The law is thoroughly established in this state, in harmony with authority elsewhere, that *the trial court or this court may grant a new trial for exces-*

---

**3.** Additurs, both conditional and unconditional, have been declared unconstitutional in federal court under the Seventh Amendment. *Dimick v. Schiedt*, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935). The Seventh Amendment provides that no fact tried by a jury shall be reexamined other than "according to the rules of the common law." U.S. Const. amend. VII. State courts are not bound by this decision, however, since the U.S. Supreme Court has ruled that the Seventh Amendment is not applicable to the states. *Pearson v. Yewdall*, 95 U.S. 294, 24 L.Ed. 436 (1877).

**4.** Because it goes to the existence of a cause of action, standing is essential to the court's exercise of jurisdiction and may be raised at any time even by the court's own motion. *In re Mullins*, 298 N.W.2d 56, 61, n. 7 (Minn.1980); *Izaak Walton League of America Endowment, Inc. v. State Dep't of Natural Resources*, 312 Minn. 587, 589, 252 N.W.2d 852, 854 (1977). This court has adopted "injury in fact" as the test for standing in this jurisdiction. *Snyder's Drug Stores, Inc. v. State Bd. of Pharmacy*, 301 Minn. 28, 32, 221 N.W.2d 162, 165 (1974). "Injury in fact" may be shown by an economic loss to one of the parties. *Twin Ports Convalescent, Inc. v. State Bd. of Health*, 257 N.W.2d 343, 346 (Minn.1977). The fact that appellants have received a judgment against them for $250,000, indicates a "pocketbook injury" sufficient to meet the standing requirements.

*sive or inadequate damages and make it conditional upon the party against whom the motion is directed consenting to a reduction or an increase of the verdict.* In such a case the court does not trench upon the province of the jury nor deny the party seeking to retain the verdict the right to the finding of a jury. It merely corrects error. The practice adopted works well, tends to the speedy termination of litigation and results in substantial justice.

*Podgorski,* 147 Minn. at 104, 179 N.W. at 680 (cites omitted) (emphasis added).

This rule has been consistently followed since that time. Dicta to the contrary notwithstanding, additurs or remittiturs upheld by this court have all had the consent of the party against whom they were directed. Our holding in *Genzel v. Halvorson,* 248 Minn. 527, 534, 80 N.W.2d 854, 859 (1957), that the trial court was within its constitutional power in raising the amount of damages was conditioned on the consent of the defendant.

Respondents assert that unconditional remittitur is constitutional under *Bowman v. Pamida, Inc.,* 261 N.W.2d 594 (Minn.1977), and that unconditional additur should be no different. The court of appeals rightly noted that any distinction between additur and remittitur would be artificial but *Bowman* does not stand for the proposition that either one is constitutional. In *Bowman* this court found a trial court had no jurisdiction to rule on a party's motion for new trial or remittitur, because the notice of motion was filed outside the time allowed for motions. *Id.* at 597. Thus, the remittitur was adjudged a nullity and any discussion of the propriety of unconditional remittitur was dicta. *Bowman* cited *Krueger v. Knutson,* 261 Minn. 144, 156, 111 N.W.2d 526, 535 (1961) as authority for the statement that a trial judge has a wide range of discretion and may within reason uncondi-

tionally impose additurs or remittiturs or a new trial. *Bowman,* 261 N.W.2d at 596 n. 2. *Krueger* was an appeal from a denial of a new trial on damages and no additur nor remittitur was granted. Nor did *Krueger* address the constitutional issues raised by unconditional alterations to a jury verdict. The *Krueger* court's assertion that a trial judge had the discretion to unconditionally alter the verdict was classic dicta, having no bearing on the holding of the case. In no case reported has this court upheld the unconditional imposition of additur or remittitur. The law in Minnesota remains as it was stated to be in *Podgorski:* a new trial may be granted for excessive or inadequate damages and made conditional upon the party against whom the motion is directed consenting to a reduction or an increase of the verdict. Consent of the nonmoving party continues to be required.

At oral argument, respondents argued that consent had been obtained from the party against whom the motion was directed. Respondents argued that Roger Runia, the defendant in the personal injury action, had received notice of the motion for additur and consented to its imposition by his failure to appear and oppose the motion.[5] It makes no difference, however, in this case, whether Roger Runia consented to the additur. These defendants are not bound by the judgment. Marguth Agency and Jack Smith were not parties to the personal injury suit. They had no opportunity to challenge the evidence, to cross-examine the witnesses, or more importantly, to oppose the motion for additur. Where a party is made ultimately liable for a judgment, but was neither party nor privy to the previous action, that party is not bound by the amount of damages adjudicated by that action. *Reioux v. State Farm Mutual Automobile Insurance Co.,* 298 Minn. 550, 214 N.W.2d 340 (1974).

---

5. This argument reveals the most disturbing aspect of the procedural posture of this case. While Roger Runia was the named defendant to the personal injury action, he appeared pro se in an action in which the plaintiff was his fiancee, and both parties knew he had no insurance against which the judgment could be collected.

Once the jury had determined the truck driver was not negligent, the suit became both figuratively and literally a "sweetheart deal" between the Runias. Whatever the final damage award was determined to be, Roger Runia would not pay it.

The case before us bears some resemblance to the case of *Miller v. Shugart,* 316 N.W.2d 729 (Minn.1982). In *Miller* the injured plaintiff sought to rely on a judgment based on a stipulation for damages between the parties in a personal injury suit in a subsequent garnishment suit against the defendant's insurer. Milbank, the insurer, however, was bound by its contract of insurance to indemnify its insured or her agent for the plaintiff's underlying judgment against them if the insured had not breached the contract or obtained the judgment by fraud or collusion. We found they had done neither. Even so, we held that the judgment, while binding and valid as between the stipulating parties, was not conclusive on the insurer. The plaintiff judgment creditor, we stated, would be required to prove in a subsequent suit that the settlement was reasonable and prudent. *Miller,* 316 N.W.2d at 735. In contrast, Marguth and Smith have no agreement to indemnify the defendant Roger Runia in the preceding personal injury suit nor are they bound by the judgment in that case.

■ More on point than *Miller* is *Hart v. Cessna Aircraft Co.,* 276 N.W.2d 166 (Minn.1979), where a plaintiff, unsuccessful against one tortfeasor, brought a subsequent action for the same injury against a second tortfeasor. Cessna, the second tortfeasor, sought contribution from the pilot of the plane who was found not negligent in the first lawsuit. We held that the claim for contribution was barred under these circumstances but that the second tortfeasor would only be held liable for that portion of the damages attributable to its own negligence and had the option of relitigating the damages. *Id.* at 169–170. The case before us does not involve apportionment of damages for the injuries Beth Becker Runia received. The defendants, in the separate and independent cause of action against them, have been found liable, through negligent misrepresentation of coverage, for Beth Becker Runia's total damages. The question arises, under *Hart,* however, as to whether the defendants alone have the option to relitigate damages. The answer in this case is no. It is clear that the experienced trial judge, who ordered the additur in the prior lawsuit, considered the verdict awarded by the jury in that case to be inadequate. Because the additur was ineffective, the plaintiffs, too, are entitled to a new trial on damages. We hold that Marguth and Smith, defendants in a second lawsuit, are not bound by the judgment in the first lawsuit to which they were neither privy nor a party and that both plaintiffs and defendants are entitled to a new trial on damages. The decision of the court of appeals and of the trial court is affirmed in part, reversed in part and the matter is remanded for a new trial on the issue of damages only.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.

KEITH, J., took no part in the consideration or decision of this case.

SIMONETT, Justice (concurring specially).

I join in the court's opinion, but arrive at a new trial on damages by a little different route.

The trial court has found the defendant insurance agency negligently misrepresented the insurance coverage for the snowmobile, and, therefore, the agency is liable to Roger Runia, operator of the snowmobile, for the loss he sustained by reason of the misrepresentation. This loss is measured by the amount of money Roger Runia has to pay his injured snowmobile passenger, Beth Becker Runia.

Ordinarily, Roger Runia's loss would be measured by the amount of damages adjudicated against Roger and in favor of claimant Beth Becker Runia. This appears to be either $56,000 or $250,000. In the bench trial, the insurance agency's position was that the $250,000 judgment must be set aside because the result of an invalid additur, and, therefore, it could only be liable for $56,000.

In my view the issue is not whether the insurance agency is "bound" by the judgment in favor of Beth Becker Runia in any res judicata or estoppel sense. Obviously

it is not. Rather the question is whether the $250,000 judgment in the personal injury action is competent evidence on the issue of damages against the insurance agency. *Cf. Restatement (Second) of Contracts* § 351, comment c (an injured party's loss resulting from litigation must be reasonable). In my opinion, the $250,000 judgment is unreliable evidence lacking probative value of the reasonableness of Roger's loss. It was error for the trial court in this case to adopt that sum as the damages sustained by Roger Runia. I say this for two reasons: (1) The additur was made under essentially ex parte, collusive circumstances; and (2) the additur is prima facie unreasonable; it increased a jury's personal injury award of only $56,000 more than four-fold to $250,000. The increase may or may not be warranted by the evidence (we have no way of telling), but if it is warranted, it was for a jury not the court to decide.

I agree with the majority opinion that an unconditional additur is invalid. This only has relevance in this case as further indication of the unreasonableness of the $250,000 judgment as a measure of Roger Runia's loss. Presumably, the remedy for an invalid unconditional additur would have been to make it conditional; Roger Runia should at least have asked for that remedy and then opted for a new trial rather than pay $250,000. He did not do so, preferring to set-up the defendant insurance agency. It is, of course, too late for Beth Becker Runia to move for a new trial on damages in her personal injury action, and arguably the damages recoverable from the insurance agency should be left at $56,000. On the other hand, the trial judge thought the $56,000 verdict grossly inadequate and evidently would have granted Beth a new trial on damages if she had asked for it.

In other words, both the $56,000 verdict and the $250,000 judgment are suspect evidence in this case. Both amounts lack probative value. I agree, therefore, the issue of damages should be retried.[1] The trier of fact in this case should consider damages as if a new trial on damages had been granted in Beth Becker Runia's personal injury suit.[2]

---

1. One would expect if the insurance agency is not bound by the damages award in Beth's suit, neither is it bound by the jury's finding of no negligence on the part of the truck driver. But this would be to view the problem within an irrelevant issue preclusion context. The insurance agency cannot dispute the finding of no negligence on the part of the truck driver because that issue was fairly tried in the personal injury action by the proper parties to that action. In this respect, the insurance agency is not like the second tortfeasor in *Hart v. Cessna Aircraft Co.*, 276 N.W.2d 166 (Minn.1979).

2. Beth Becker Runia having received the unconditional additur that she asked for is in no position to argue there should be a new trial on damages. I would treat the situation, however, as if Roger Runia had opted for a new trial on damages in the personal injury action rather than pay $250,000.